BAILEY *vs.* THE STATE OF GEORGIA.

1. There was no error in overruling the motion for new trial in this case.
2. There was no error in admitting the confessions of Bailey to go to the jury, the court instructing the jury to determine for themselves whether the confessions were freely and voluntarily made or not. Judgment affirmed. (Head-notes by the court.)

October 28, 1887.

SIMMONS, Justice.

[Bailey was tried in the city court of Atlanta on an accusation of larceny from the house. The evidence showed that he and one Harris went into a store, and while the latter was being waited on, defendant went back to a pile of clothing, vests, etc., and commenced looking at them. A clerk waited on Harris and then turned to defendant, who walked out. He carried a basket, through a hole in the top of which the clerk saw a vest which he identified as belonging to the store. He took hold of the basket, charging defendant with having stolen the vest. Defendant pulled away and ran off. The police officer who arrested defendant testified that, when he was carried to the station-house, he was confronted with Harris, and the two had a dispute about the matter; that the officer said to them, "Now whichever one of you stole this vest, confess it and let me turn the other loose, for there is no use in locking you both up"; that at length defendant said, "I took the vest"; that Harris was then released; and that there was no inducement held out or threats made to procure the confession. Another officer corroborated this.

Harris testified, for defendant, that the policeman said to him, "If you committed this larceny, it would be best for you to confess it; you will get a lighter fine." The remainder of his testimony did not conflict with that of the State.

After verdict of guilty, the defendant moved for a new trial on the grounds that the verdict was contrary to law

and evidence, and because of the admission of the testimony for the State as to the confession. It appeared that, at a former trial, Harris had been introduced as a witness for the State, and his testimony being that the confession was not freely and voluntary made, the evidence to show such confession was excluded by the court. On the present trial, the State solicitor stated that he would not introduce Harris, but would rely on the testimony of the police officers as to the confession. The court admitted this testimony, and submitted to the jury whether the confession was freely and voluntarily made, in view of the conflict of evidence on this point.

The new trial was refused, and the defendant excepted.]