## MITCHELL *vs.* THE STATE OF GEORGIA.

It is the better practice, before admitting a confession in evidence, to require such proof that it was freely and voluntarily made, as will satisfy the mind of the court, the question being ultimately left to the jury under all the facts of the case. But in this case, it did not appear that the confession admitted was not freely and voluntarily made, or that any motion was made to rule out the evidence on that ground after it had been admitted; and the evidence satisfactorily showing the guilt of the defendant, a reversal will not be granted because of the failure to require proof of the voluntary character of such confession.

February 13, 1888.

Criminal Law. Confessions. Evidence. Practice in Superior Court. Practice in Supreme Court. Before Judge SMITH. Muscogee Superior Court. May Term, 1887.

Reported in the decision.

A. A. DOZIER, for plaintiff in error.

J. H. WORRILL, solicitor-general, for the State.

BLANDFORD, Justice.

Mitchell was indicted and tried in the superior court of Muscogee county for the crime of burglary, and found guilty. He moved the court for a new trial, which was refused, and he excepted. The main ground of the motion for a new trial, is that the court erred in allowing the prosecutor, Mr. Stewart, to testify to a confession made to him by the defendant, without laying the foundation therefor. Stewart testified that the defendant, Mitchell, had confessed to him that he had entered his house. He further testified that some money had been taken from the house, and four papers of pins, and that he found some of the money and two papers of pins in Mitchell's possession.

Whether this confession was freely and voluntarily made, does not appear. There is nothing in the record to

show that it was not freely and voluntarily made; and the record does not show that there was any motion on the part of counsel for the accused to rule out the confession, after it had been admitted by the court and submitted to the jury, upon the ground that it was not freely and voluntarily made. We think it is the better practice, before admitting a confession, to require proof that it was freely and voluntarily made—such proof as will satisfy the mind of the court; after which it is for the jury, under the facts of the case, to say whether or not the confession was freely and voluntarily made; but we do not think it necessary in this case to reverse the judgment of the court below because of the failure to require such proof, inasmuch as we think the evidence satisfactorily shows that the defendant was guilty.

Judgment affirmed.