## CARR v. THE STATE OF GEORGIA.

1. The indictment being for the larceny of money from a house, the bills stolen being two 20's and one 10$, evidence tending to show that the accused when arrested had in his possession a small sum in change and certain articles of property was of slight relevancy, but its admission was not substantial error.

2. In criminal as well as civil cases, the jury should, if practicable, reconcile all the evidence, so as to impute perjury needlessly to none of the witnesses.

3. Instead of charging the jury in general terms that confessions are to be received with greatest caution, the court, after charging the jury properly as to their right to reject the confession entirely if not free and voluntary, may restrict the charge touching caution to dealing with it after ascertaining it to be in evidence, that is, after finding it to be free and voluntary.

4. Reasonable doubt is not equivalent of *any* doubt. A correct charge on reasonable doubt as to the whole case and all the evidence is

sufficient. It is not incumbent upon the court to carve the case
or the evidence into different propositions, and apply the rule of
reasonable doubt to one or more of them severally.
January 15, 1890.

Larceny. Criminal law. Evidence. Witness. Charge
of court. Confessions. Before Judge HARRIS. Camp-
bell superior court. August term, 1889.

Robert Carr was indicted for having, on the 6th of
March, 1888, stolen, from the dwelling of W. R. Har-
man in Campbell county, $50 in money, in two twenty-
dollar and one ten-dollar bills.   Evidence for the State
tended to show that the money had been deposited in a
trunk in Harman's house; that the last time it was
seen before it was stolen was about the 5th of March;
that its loss was discovered about the 12th of March;
that Harman and his wife did not take it; that Har-
man had some little children that knew the money was
in the trunk, and who had told defendant, who was the
brother of Harman's wife, that it was there; that be-
tween March 5th and 12th, defendant was in Harman's
house, and in the absence of Harman and the children,
went with Harman's wife to the house of another rela-
tive not far away, and left the latter house before Har-
man's wife left, saying he was going home several
miles away.   The house had a window that could be
slided back and could be entered very easily.   Defend-
ant was arrested in Atlanta.   He had a railroad ticket
to Douglasville and $1.60 in money when arrested, also
a valise, ten quarts of whiskey; two pocket-books, a
bar glass, a half-pint cup, and a funnel.   These pocket-
books were not those of Harman.   After defendant was
brought to the jail, Harman asked him what he had
done him (Harman) in such a way as that for.   Defend-
ant replied that he did not know, he was a fool for
doing it and he was sorry he did it; that he did not get
the trunk key, he had a key of his own.   Harman testi-

fied that the lock on the trunk was just a common little lock; almost any key would fit it. The testimony for the State tended to show that this confession was not induced by any hope of reward or fear of punishment, and that defendant was not told that it would go lighter with him if he would confess.

For the defendant, two witnesses were introduced. Both of them were confined in the jail at the time defendant was put therein. One of them testified that defendant was crying, and Harman told him he got his (Harman's) money, and might as well own up; and one Brock who was with Harman said, " Yes, if you do own up it will go lighter with you." The other witness testified that defendant was crying, and he heard either Harman or a person who was with him say, "You know you've got the money." This witness testified that he did not hear Brock say anything; he was talking to somebody else and paid no further attention to him. The defendant in his statement said that Harman and Brock came to the jail, and said if he would own up he had taken the money it would go lighter with him and they would turn him loose, and that he told them he did not get it; and says now he did not. The jury found him guilty, and he moved for a new trial on the following grounds:

(1-2) Verdict contrary to law and evidence.

(3) See first division of the opinion.

(4) Because the court charged as follows: "Another rule connected with this branch of the case which I will give you in charge is, that if you find that the confession was freely and voluntarily made, it would be your duty, in passing upon the case with the confessions, to receive them with great caution, the rule of law being that they should be received with great caution in passing upon them."

(5) Refusal to charge, as requested by defendant's

counsel in the argument, that confessions of guilt should be received with great caution, except as stated in the fourth ground above.

(6) Refusal to charge, on oral request of defendant's counsel, that "in criminal cases the defendant is entitled to the benefit of the reasonable doubt you may have on your minds as to the admissibility of the confession; that if you have any doubt as to the confession being made voluntarily without being induced by another by the slightest hope of benefit or remotest fear of injury, you should give the benefit of the doubt to the defendant and reject the confession."

(7) Because the court, on the contrary, charged the jury that they were to be governed by the ordinary rule of law in civil cases in respect to the consideration and reception or rejection of the confession, to wit: "When the witnesses differ, gentlemen, in their testimony, where they contradict each other, the rule is, you should not impute perjury to any one; you will endeavor to so reconcile the testimony, if possible, as that all will speak the truth. If you are unable to do that, of course the burden rests upon you to say who has told the truth. In arriving at your conclusion in that matter, you will look to the witnesses testifying, their opportunity and means of knowing what they are testifying about, and the manner in which they testify, the reasonableness or unreasonableness of their testimony, the consistency or inconsistency of their statements, and all the surrounding circumstances about which they testify." And because the court confined his charge on the subject of reasonable doubt to the fact stated in his charge, and excluded by his charge the reasonable doubt from the consideration of the jury in allowing the admissibility of the confession.

The motion was overruled, and defendant excepted.

T. W. LATHAM, for plaintiff in error.

T. A. ATKINSON, solicitor-general, for the State.

BLECKLEY, Chief Justice.

1. The evidence makes it certain that the offence of larceny from the house was committed by some one, between the 5th and 13th of March, 1888. The money stolen amounted to fifty dollars, and consisted of two twenty-dollar bills and one ten-dollar bill. The house was situated in Campbell county, and Carr, the plaintiff in error, was arrested in Atlanta, Fulton county, on or about the 22d of the same month. The court admitted evidence tending to show that, at the time of his arrest, he had in his possession a valise, ten quarts of whiskey worth five dollars, a small amount of money in change, a railroad ticket to Douglasville, two pocketbooks, a bar glass, a half-pint cup and a funnel. The objection that this evidence was irrelevant was overruled. Doubtless it had no significance further than to show that the accused had probably spent money in the purchase of some of these articles. True, he may have obtained the money which he laid out and which he had remaining honestly. But there was no evidence in the case showing that he had means before this offence was committed, the only testimony on that subject being that, if he had any money, the witness, who was his brother-in-law, did not know of it. There was very little weight in the fact that he had those various articles in his possession. But the evidence has some slight relevancy, and as the court thought proper to admit it, we think its admission was not substantial error, if error at all.

2. In criminal as well as civil cases, it is the duty of the jury to reconcile all the evidence, and impute perjury needlessly to none of the witnesses. *Stiles* v. *The State*, 57 *Ga.* 184; *Rickerson* v. *The State*, 78 *Ga.* 15. The charge of the court on this subject was correct.

3. The charge touching confessions was also correct. In parts of the charge not recited in the motion for a new trial, the court instructed the jury that they were to determine for themselves whether the confession, if any, made by the prisoner was made freely and voluntarily, without any influence of hope or fear; that if so, they could consider it, but if not, it was no evidence. This was a distinct recognition of the rule on the subject found in *Holsenbake* v. *The State*, 45 *Ga.* 44; *Stallings* v. *The State*, 47 *Ga.* 572; *Mitchell* v. *The State*, 79 *Ga.* 730; *Bailey* v. *The State*, 80 *Ga.* 359. For the request to charge in general terms that confessions of guilt should be received with great caution, the court substituted, that if the jury found that the confession was freely and voluntarily made, it would be their duty, in passing upon the case with the confession in, to receive it with great caution, the rule of law being that confessions should be received with great caution in passing upon them. We see no error in this substitution.

4. The court charged the jury fully upon reasonable doubt, telling them that they must be satisfied beyond a reasonable doubt as to all the material facts alleged in the bill of indictment, before they could find a verdict of guilty, and if they had any reasonable doubt as to the truth of any of these facts, there could be no conviction. It is complained that the court erred in declining to charge specifically that if the jury had reasonable doubt as to the admissibility of the confession, " that is, if you have any doubt as to the confession being made voluntarily without being induced by another, by the slightest hope of benefit or the remotest fear of injury, you should give the benefit of the doubt to the defendant and reject the confession." The refusal of this request, we think, was not error, for two reasons: First, because it explains reasonable doubt as equivalent to *any* doubt, and second, because the general charge of the court on the subject

of reasonable doubt was sufficiently comprehensive. According to Georgiá practice, it is not the duty of the court to carve up the case into different propositions, and instruct the jury specifically on each as to reasonable doubt, but to submit the case as a whole upon all the evidence, and instruct upon the subject of doubt in appropriate terms upon the whole case. This practice is illustrated by cases involving the defence of *alibi*. *Harrison* v. *The State*, 83 *Ga*. 129.

There was no error in refusing to grant a new trial.

*Judgment affirmed.*