## NIX *v.* THE STATE.

*Simmons, C. J.*—1. There was no legal merit in that ground of the motion for a new trial which alleged error in the failure of the court to charge the jury "that they must be satisfied beyond a reasonable doubt that the defendant did voluntarily make tracks in the presence of the witness and did voluntarily pull off his shoe and let the witness put it into the tracks that

they found going to and from the burnt house." *Carr* v. *The State*, 84 *Ga*. 255 (4); *McDuffie* v. *The State*, 90 *Ga*. 786; *Delk* v. *The State*, 92 *Ga*. 453.

2. This court cannot consider the ground of the motion for a new trial alleging that the trial judge erred in not ruling out certain evidence, it not appearing upon what, if any, ground the motion to rule out was based.

3. The evidence against the accused consisting almost entirely of testimony as to tracks found near the burned building and traced to his home, which closely resembled tracks shown to have been made by him, and there being some evidence of his good character and no satisfactory evidence showing any motive on his part to commit the crime alleged, the case at best was an exceedingly weak one; and if the conviction was justified at all, it was barely warranted. This being so, and the newly discovered evidence strongly suggesting a highly probable cause of the fire entirely consistent with the innocence of the accused, the ends of justice require that there should be another hearing.                    *Judgment reversed.*

July 29, 1895.

Indictment for arson. Before Judge Sweat. Early superior court. April term, 1895.

Jerry Nix was convicted of burning a schoolhouse in Arlington. The fire occurred about eleven o'clock on the night of December 26th. It appeared to have started in a little closet near the chimney. Several witnesses testified that tracks leading from the burned house to defendant's house were exactly fitted by defendant's shoes, which they caused him to remove to put in the tracks on the next morning. No fire was in the fireplace of the schoolhouse during the day or evening preceding the fire, and there was no lightning though it had rained. There was testimony that defendant's character was good, and some to the contrary. He was a carpenter by trade, and not much carpenter work was going on at that time. The newly discovered evidence was, that two witnesses saw some children shooting firecrackers around and on the piazza of the schoolhouse on the night of the fire, about dark; and that it turned very cold early in the night, and the ground was

frozen hard, and it would have been impossible for one to have made an impression by his tracks.

*R. H. Powell & Son,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *H. C. Sheffield, solicitor-general,* by *W. M. Harper,* contra.