## MIDDLEBROOKS *v.* THE STATE.

The alleged errors which were properly assigned furnish no reason for granting a new trial. The evidence authorized the verdict, and the discretion of the trial judge, exercised in overruling the motion for a new trial, will not be interfered with.

Argued October 20, — Decided October 29, 1903.

Indictment for murder.    Before Judge Fite.    Bartow superior court.    July 25, 1903.

*James B. Conyers,* for plaintiff in error.    *John C. Hart,* attorney-general, and *Sam P. Maddox,* solicitor-general, contra.

Cobb, J. Robert Middlebrooks was convicted of murder, and sentenced to be hanged. He says the court erred in refusing to grant him a new trial. Two of the grounds of the motion for a new trial relate to the admission of evidence which was objected to; but these grounds do not set forth, either literally or in substance, the evidence objected to, nor is the same attached to the motion as an exhibit. Under the well-settled rule they can not be considered. Another ground of the motion complains that the court erred in allowing a witness to testify "that he saw F. J. Bray, N. P. & J. P., administer the oath to Cain Lewis and make his mark. I was present when he swore to the warrant." The objection was "that this was not the way to prove that an affidavit was made authorizing the issue of a warrant." Even if this evidence was inadmissible, its admission was no sufficient reason for granting a new trial, as will hereafter appear. Another ground of the motion complains that the court failed to charge the jury upon the law of involuntary manslaughter. As the statement of the accused was the only thing which would authorize a charge upon this subject, the failure to so charge was not error, in the absence of a written request. Even if the ground of the motion which complains that the court erred in its charge on the subject of dying declarations is in such condition that it can be considered, the assignment is without merit. The charge on this subject was correct; and if any elaboration was desired, a special request should have been made. What has been said disposes of all the points made in the special grounds of the motion for a new trial.

The evidence in behalf of the State authorized a finding that the accused was guilty of murder. The accused in his statement claimed that he was drunk and did not remember what had happened, that he had no reason for killing the deceased, that he did not shoot with the intention of hitting anybody, that he never shot at anybody, and that he regretted that he shot the deceased. The deceased was a constable, who had gone to the house of the accused to aid in his arrest under what purported to be a warrant charging him with a misdemeanor. He had stationed himself in the rear of the house, and a person with him had gone to the front of the house and knocked at the door and demanded entrance. The accused ran out of the house, and at a time when the deceased was not making any assault on him and not advancing toward him and

not attempting to carry out his purpose to make the arrest, but had simply told him not to run off, the accused fired the shot which produced the mortal wound.     Under these circumstances it was immaterial whether the deceased was an officer, or whether he had a warrant, or whether he was a mere trespasser; the killing was murder.     Under the theory of the accused as set forth in his statement, it was immaterial whether the deceased was an officer or a trespasser.     Under this view of the case, any irregularity or even fatal defect in the warrant which the deceased had gone to the house to execute would have no bearing upon the status of the parties to the occurrence; and if any error was committed in admitting the paper purporting to be a warrant, such an error was not of a character which was prejudicial to the accused or which would require the granting of a new trial.     The evidence fully authorized the verdict, and we see no reason for reversing the judgment.          *Judgment affirmed.     All the Justices concur.*