DOTSON <em>v.</em> THE STATE.

</div>

1. On the trial of one accused of murder, where the evidence on behalf of the State showed a case of wilful murder, and that on behalf of the accused and his statement made a case of justifiable homicide, neither involving any question of manslaughter, it was not error to charge the jury that there could be only one of two verdicts, either a verdict finding the accused guilty of murder or one finding him not guilty; the court having also charged as to the right to recommend that the defendant be imprisoned for life, if found guilty of murder.

2. Although it may not have been a perfectly clear and exact statement of the law as a general rule, under the special facts of this case, and in

view of the fact that the difficulty referred to in the charge was a mere exchange of words, it did not constitute reversible error that the court charged as follows: "If you find the truth to be that he [the defendant] went up in the darkness of the night to the door of that house, and while John Willbanks was not making any effort to get to him or to inflict any kind of injury upon him he came to that door and opened fire upon Willbanks and tried to kill him, it would be your duty to convict the defendant; and that would be true regardless of whether they had any difficulty in the morning or any words in the morning, or regardless of anything with reference to any disagreement between them that may have been had between them with regard to the woman in the case."

3. Where a case against one accused of murder involved the doctrine of reasonable fears, it was error to charge as follows: "An apparent necessity, acted upon in good faith, is the equivalent of a real necessity; but it is for you to determine whether or not this deceased had his gun pointed and aimed at the defendant at the time, and whether he was undertaking to inflict injury upon him or to take his life." Such a charge first gave the theory of reasonable fears, but then practically limited the defense to actual danger and to the question whether the deceased was in fact undertaking to inflict injury upon the accused or to take his life.

4. If in a criminal trial the judge fully and fairly charged the jury concerning the law of reasonable doubt, he was not bound to grant a request to instruct them, in effect, that if they had a reasonable doubt as to whether the circumstances surrounding the defendant at the time of the killing of the deceased were sufficient to excite the fears of a reasonable man that his life was in danger or that a felony was about to be committed upon his person, then it would be their duty to give the defendant the benefit of such doubt and acquit him.

5. None of the other grounds of the motion for a new trial require a reversal.

Argued November 18,—Decided December 19, 1907.

Indictment for murder. Before Judge Parker. Appling superior court. August 29, 1907.

W. W. Bennett, for plaintiff in error. John C. Hart, attorney-general, and John W. Bennett, solicitor-general, contra.

LUMPKIN, J. Randolph Dotson was indicted for the murder of John Willbanks. He was found guilty, and, upon recommendation of the jury, sentenced to the penitentiary for life. He moved for a new trial. The motion was overruled, and he excepted.

1. The evidence on behalf of the State showed a case of willful murder, growing out of ill will on the part of the accused toward the deceased on account of jealousy in regard to an immoral woman. The case made by the statement of the accused and the evidence in-

troduced by him was one of justifiable homicide. The evidence on behalf of neither side involved manslaughter. It was therefore not error to charge that there could be only one of two verdicts, either that of guilty of murder, or that of not guilty, the court having also informed the jury that, if they found the defendant guilty, they might recommend punishment by imprisonment for life.

2. Error was assigned because the court charged as follows: "If you find the truth to be that he [the defendant] went up in the darkness of the night to the door of that house, and while John Willbanks was not making any effort to get to him or to inflict any kind of injury upon him he came to that door and opened fire upon Willbanks and killed him, it would be your duty to convict the defendant; and that would be true regardless of whether they had any difficulty in the morning or any words in the morning, or regardless of anything with reference to any disagreement between them that may have been had between them with regard to the woman in the case." While this charge, taken alone, is not a very clear-cut enunciation of a principle of law, and under some circumstances might be held to be erroneous, yet, under the facts of this case, it does not require the grant of a new trial. The occurrence of the morning was a mere passing discussion about a woman, of whom both parties appeared to have been enamoured. There was no fight, no assault, and nothing of any character which could have reduced the crime from the grade of murder, or have justified the homicide. The charge was not reversible error.

3. We are constrained to reverse the judgment because of the error referred to in the third headnote. A reversal is the more necessary because this charge occurred at the close of the general charge, and left the last impression on the minds of the jury, and because there were other more or less slight inaccuracies in the charge.

4. Error is assigned in the motion for a new trial, because the court refused a request to give in charge the following: "Gentlemen of the jury, if, after a thorough consideration of all the facts and circumstances of this case, there should remain in your minds a reasonable doubt as to whether the circumstances surrounding this defendant at the time of the killing of the deceased were sufficient to excite the fears of a reasonable man that his life was in danger or a felony was about to be committed upon his person, then it

would be your duty to give the defendant the benefit of that doubt and acquit him." This request is substantially taken from the seventh headnote in *Mitchell* v. *State*, 71 *Ga.* 128. Of that decision it may be said that it was concurred in by two Justices, not by the entire bench; and that while it has often been cited on the subject of dying declarations, it has not been followed or approved as to requiring the presiding judge not only to charge correctly in reference to the doctrine of reasonable doubts, but also to single out particular points and to reiterate that doctrine and apply it separately to each. In *McDuffie* v. *State*, 90 *Ga.* 786 (17 S. E. 105), it was held that "Where, in a criminal trial, the judge fully and fairly charged the jury concerning the law of reasonable doubt, he was not bound to give a request instructing them, in effect, that if they have a reasonable doubt as to the existence of some particular and specially enumerated fact, or what should be the proper inference therefrom, it would be their duty to give the accused the benefit of such doubt." In the opinion it was said (p. 788): "Even if, following the rule in the *Mitchell* case, supra, which certainly went a great length, the court could properly have given this request to the jury, we do not think he was bound to do so." In *Delk* v. *State*, 92 *Ga.* 453 (17 S. E. 269), a request to charge was preferred almost in the exact language of that involved in *Mitchell's* case. The presiding judge declined so to charge, and this was assigned as error. It was held, that, the general charge being full and fair on the subject of reasonable doubt in connection with the law of self-defense, including reasonable fears, there was no error in refusing to give the request in charge, "even if this request was a correct statement of the law." See also *Carr* v. *State*, 84 *Ga.* 250 (10 S. E. 626); *Nix* v. *State*, 97 *Ga.* 211 (22 S. E. 975); *Williams* v. *State*, 123 *Ga.* 138 (6) (51 S. E. 322); *Cress* v. *State*, 126 *Ga.* 564 (3) (55 S. E. 491); *Tolbert* v. *State*, 127 *Ga.* 827 (56 S. E. 1004).

5. The other grounds of the motion for a new trial were not such as to require a reversal. The evidence was sufficient to sustain the verdict. The requests to charge which were refused, in so far as they were proper, were covered by the general charge. One of the grounds was practically disapproved by the note of the presiding judge.

*Judgment reversed. All the Justices concur.*