## HAMILTON *v.* THE STATE.

BECK, J. 1. It was not reversible error for the court, in giving· to the jury a charge requested by defendant's counsel, to state that it was given by request. The better practice, however, would be for the court, under such circumstances, to omit any reference to the fact that counsel had requested the charge. *Comer* v. *Allen,* 72 *Ga.* 1.

2. There being evidence from which the jury might have found that the accused shot at Owens, but killed Robinson, it was not error for the court to charge as follows: "It would make no difference, gentlemen of the : jury, whether the deceased was the man he really intended to kill or

not, provided that you find that he did shoot at some member of that crowd with a felonious intent, and without being justified or excused under the law,—he would be held accountable. In other words, if a man attempts to kill another without justification, without provocation and not under circumstances of mitigation, and in pursuance of that effort shoots, and, instead of hitting the man at whom he shoots, hits and kills another, he is guilty. The killing of the other is measured by the same standard as though he had killed the one originally intended." *Charlon* v. *State*, 106 *Ga.* 400 (32 S. E. 347).

3. The facts of the case authorizing such instruction, it was not error for the court to charge the jury thus: "Suppose he [defendant] had not intended to kill any specific member of that crowd that was standing there, if you find there was a crowd standing there, and he shot into that crowd and killed one of them, it would make no difference, because, in its jealous regard for human life, the law holds a man accountable for the result or consequence of his acts, provided he acts without justification, provocation, or mitigation. For instance, if a man feloniously, with reckless disregard for human life, takes a loaded weapon and deliberately points into a crowd and fires and kills a member of the crowd, why the law would hold him accountable for murder, independently of whether he intended to kill any individual member of that crowd or not." *Smith* v. *State*, 124 *Ga.* 213 (52 S. E. 329).

4. The request to charge which the court refused was fully covered by the charge given, and a new trial will not be granted for a refusal to charge as requested. *Battle* v. *State*, 105 *Ga.* 703 (32 S. E. 160).

*Judgment affirmed. All the Justices concur.*

Submitted November 18,—Decided December 20, 1907.

Indictment for murder. Before Judge Seabrook. Wayne superior court. September 20, 1907.

*James R. Thomas,* for plaintiff in error.

*John C. Hart,* attorney-general, *John W. Bennett,* solicitor-geneaal, and *W. W. Lambdin,* contra.