DOTSON *v.* THE STATE.
</div>

1. The evidence in the present record is substantially the same as that contained in the record when the case was formerly before the court (129 *Ga.* 727 (59 S. E. 774)), and it was there adjudged that the evidence did not involve manslaughter.

2. Where the defendant puts his character in issue, it is allowable on cross-examination to ask a witness called to establish his good character if the witness on a certain occasion came upon the scene immediately after the defendant had made a serious attack with a weapon upon another person, who charged the defendant in his presence with an attempt to kill him.

3. In giving requested instructions, the court should do so in such a manner as to impress the jury that such are emanations from the court and are to be considered as part of the court's instructions on the law of the case. This is best accomplished by incorporating such requests at some appropriate place in the charge, without stating that the requests were made by a party to the case. While the practice is not commended, a new trial will not be granted solely because the court near the conclusion of his charge picked up certain written requests and read them to the jury, with the preface, "The defendant has requested the court to charge you the following, which I will read to you."

4. Where the court erroneously instructs the jury and subsequently specifically calls their attention to such erroneous instruction, and corrects the error, the original error is cured.

5. The charge relating to the sufficiency of evidence as corroborative of a confession was not erroneous.

<div align="center">MAY 9, 1911.</div>

Indictment for murder. Before Judge Conyers. Appling superior court. December 8, 1910.

W. W. Bennett and A. V. Sellers, for plaintiff in error.

H. A. Hall, attorney-general, and J. H. Thomas, solicitor-general, contra.

EVANS, P. J. Randolph Dotson was convicted of the murder of John Willbanks, and the court refused him a new trial.

1. The failure of the court to instruct the jury on the law of voluntary manslaughter was not erroneous. The evidence on this trial was substantially the same as it was on the first trial, and on a review of the first trial it was held that the evidence on behalf of neither side involved manslaughter. 129 Ga. 727 (59 S. E. 774).

2. The defendant put his character in issue. On the cross-examination of one of the witnesses offered by the defendant to prove his good character, the court allowed the witness to testify, in response to questions propounded by the solicitor-general, that the witness was the jailer of the county, having in custody the defendant and another prisoner; that on one occasion he heard considerable noise in the jail and ran to discover the cause; when he reached the jail he saw the defendant's fellow prisoner run across the room and fall bleeding from wounds on his arm and head, and that the defendant had a knife with a broken blade, and the defendant's fellow prisoner immediately remarked in the presence of the defendant that the defendant hit him with the knife and he thought he was going to kill him. There was no error in this ruling. Where a defendant calls a witness to establish his good character and such

witness testifies that the character of the defendant is good, he may be interrogated on cross-examination as to his having seen the defendant engage in a broil, or a fight. *Ozburn* v. *State,* 87 *Ga.* 173 (4) (13 S. E. 247).

3. Where proper and pertinent instructions are requested, it is the duty of the court to give the same to the jury. *Ga. R. Co.* v. *Flowers,* 108 *Ga.* 795 (33 S. E. 874). Though the judge may substitute his own phraseology for that of the request, and such substitution will not be ground for new trial where the instruction given is as comprehensive as that requested, yet it is the duty of the court to distinctly charge the jury on the matter requested, if the same is apposite to the case and sound in law. It is always best for the judge to incorporate a proper request at an appropriate place in his charge without reference to the same as having come from counsel for either party in the case. The jury are not concerned about the sources from which the judge gets the material with which he builds the legal structure of his charge. The purpose of making a request is that the jury may be informed as to the law; and if the request correctly embodies a proper principle of law, the court should submit the same in such a manner as best to inform the jury of the legal principle embraced in the request, and also that such legal principle is to be accepted for their guidance in passing on the particular point to which it applies. It is sufficient to read the requested instruction to the jury and tell them that the court gives it in charge, or that it is the law. *Feagan* v. *Cureton,* 19 *Ga.* 404; *Long* v. *State,* 12 *Ga.* 293; *Dillon* v. *McRea,* 40 *Ga.* 107. In the case at bar the court had practically completed his charge when he picked up the two requests to charge and read them to the jury, prefacing the reading with the remark, "Gentlemen, the defendant has requested the court to charge you the following, which I will read." Complaint is made of the manner in which the requests were submitted. Counsel argues, inasmuch as the court did not tell the jury distinctly that such requests contained the law pertinent to the case, that in effect the defendant was deprived of his right to have a pertinent and correct legal principle given in charge. While we do not commend the practice observed on this occasion as being the correct way of submitting a request, still we do not think that the manner in which the court submitted the request sufficient ground to require a new trial. It is the duty of

juries to take the law from the court under our system of procedure. Judges are forbidden to express an opinion upon the facts, and the jury always look to emanations from the bench in the final charge as the last word upon the law of the case. We do not doubt that the jury understood that the requests which the court read to them were a part of his charge, and were to be so considered in arriving at their verdict.

4. Complaint is made of an instruction which the court later on modified in his charge. The complaint is not as to the correctness of the charge as modified, but of the original charge before its modification. Inasmuch as the court corrected his first instruction by specific reference to its vice, a new trial will not be granted on this ground.

5. In charging on the law applicable to confession, among other things, the court said: "Proof beyond a reasonable doubt of the corpus delicti, that is, that the crime charged has been committed, may be, but is not necessarily, sufficient corroboration of a confession. The law does not fix the amount of corroboration necessary. The jury are the judges whether other evidence sufficiently corroborates a confession to justify a conviction, if you find that a proper confession was made." The objection to the charge is that it is expressive of an opinion on the weight of the evidence. The charge was not erroneous. *Holsenbake* v. *State*, 45 *Ga.* 43 (5).

The evidence supports the verdict, and we find no error of law requiring the grant of a new trial.

*Judgment affirmed. All the Justices concur.*