## REVIER v. THE STATE.

FISH, C. J. 1. There was nothing in the evidence for the State or the accused, nor in the statement made by him to the jury, which authorized an instruction as to the law of involuntary manslaughter. In his statement to the jury the accused denied that he shot the person killed, and the evidence submitted in his behalf tended to support his statement. The evidence for the State, considered most favorably for the accused, made out such a case as fell within the rulings made in *Smith* v. *State,* 124 *Ga.* 213 (52 S. E. 329), and *Hamilton* v. *State,* 129 *Ga.* 747 (59 S. E. 803), where the facts were quite similar to those here shown by the evidence for the State, and was governed by the proviso in the Penal Code (1910), § 67, "that where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder."

2. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 1242. MARCH 13, 1919.

Indictment for murder. Before Judge Thomas. Colquitt superior court. November 11, 1918.

*Parker & Gibson* and *W. A. Covington,* for plaintiff in error. *Clifford Walker, attorney-general, Clifford E. Hay, solicitor-general,* and *M. C. Bennet,* contra.