## YEATES *v.* YEATES.

GILBERT, J.   1.  When the case was called for trial Judge W. V. Custer, of the Albany Circuit, who was presiding for Judge M. J. Yeomans, the regularly elected judge of the Pataula Circuit, in which the County of Seminole is situated, recused himself, and the clerk of the court appointed Hon. P. Z. Geer as judge pro hac vice to preside on the trial of the case. Counsel for the propounder objected to the appointment of a pro hac vice judge, on the ground that Judge Yeomans, though absent from the county, was not disqualified in the case, admitting that Judge Custer, who was presiding at that term of the court was disqualified. The objection was overruled, and the propounder excepted.  *Held:*  When the regularly elected judge of a circuit is absent and the judge of another superior court circuit is presiding in his stead, the latter is the presiding judge of the circuit at that time; and if he is disqualified, it is the duty of the clerk to appoint a judge pro hac vice. It follows that there was no error in overruling the objection.

2.  The propounder moved to continue the case, on the ground that one of counsel had been engaged in the Supreme Court and had not reached the trial court until the afternoon before the case was tried, and that other counsel had been indisposed; also on account of the absence of named witnesses; also on account of the death of one of the legatees named in the will. A counter-showing was made, to the effect that two continuances had already been granted to the propounder; that the caveator resided in the State of Texas and had made three journeys to Seminole County at different terms of the court, incurring considerable expense and loss of time thereby (the deceased legatee was not the executor named in the will) ; and that the executor was present in court.  *Held:*  The court did not abuse its discretion in refusing to continue the case.  "No cause  .  .  depending in any *of the courts of this State, shall be continued more than one term at common law, at the instance of the same party, for any cause whatever."  Civil Code (1910), § 5710.  Conceding that the court was authorized to exercise some discretion under the code section above mentioned, it does not appear, under the evidence in this case, that that discretion was abused.

(*a*)  "The nominated executor and propounder of a will is a legal party on behalf of the legatees, to conduct the litigation involved in a caveat to the will, from the beginning to a final adjudication." *Lucas v. Lucas,* 30 *Ga.* 191 (4), 206 (76 Am. D. 642) ; *Dyar* v. *Dyar,* 160 *Ga.* 469 (128 S. E. 582).  Compare *Stancil* v. *Kenan,* 35 *Ga.* 102 (2).

---

Judges, 33 C. J. p. 1030, n. 93.
Wills, 40 Cyc. p. 1229, n. 6; p. 1319, n. 52; p. 1359, n. 77.

3. Movant duly requested the court in writing to give in charge Civil Code, § 5751, relating to positive and negative evidence. The court complied, but prefaced the charge with the statement, "Gentlemen of the jury, here is a request from the counsel for the propounder of this will, which I will give you in charge." The criticism is that the preface tended to "impress the jury with the fact this was merely the contention by counsel for propounder as to what the law was," and was therefore harmful error. *Held:* The practice is not commended, but a new trial will not be granted solely on that ground. *Dotson* v. *State*, 136 *Ga.* 243 (3) (71 S. E. 164).

4. It is conceded by movant that the evidence supports the verdict.

*Judgment affirmed. All the Justices concur.*

No. 5135. APRIL 16, 1926.

Appeal; probate of will. Before P. Z. Geer, judge pro hac vice. Seminole superior court. October 10, 1925.

*C. W. Worrill* and *Harrell & Custer,* for plaintiff in error.

*E. E. Cox* and *R. L. Cox,* contra.