## TUCKER *v.* THE STATE.

BELL, Justice. 1. Where a husband and wife disappeared from their home on the same day but at different hours, and several days thereafter their dead bodies were discovered near each other in a section of woods about two and a half miles from their home; and where on the subsequent trial of one indicted for the murder of the wife there was evidence that in a single statement the accused had admitted that on seeing the wife some distance from her home he had killed her with a heavy stick, and that when the husband was looking for her several hours later he had killed the husband with a gun, after which he had carried the bodies in a wagon to the place where they were found, but that he had committed the deeds because of threats of a named relative of such deceased persons to take his own life unless he should kill them, the evidence as to the killing of the husband was not inadmissible upon the ground that it related to a separate offense from that for which the defendant was being tried and was irrelevant and prejudicial. The two homicides appeared

to have been committed in pursuance of a general plan or scheme and under the influence of a motive common to both acts. In such a case, proof of a distinct crime is admissible under an exception to the general rule pertaining to such evidence. *Frank* v. *State*, 141 *Ga.* 243 (2 *b,c*) (80 S. E. 1016); *Merritt* v. *State*, 168 *Ga.* 753 (149 S. E. 46); *Williams* v. *State*, 152 *Ga.* 498 (110 S. E. 286); *Fairfield* v. *State*, 155 *Ga.* 660 (3) (118 S. E. 395); *Wilson* v. *State*, 173 *Ga.* 275 (2) (160 S. E. 319); *Morris* v. *State*, 177 *Ga.* 106 (4) (169 S. E. 495).

2. The court did not err in failing, without request, to charge the jury that the confession of the defendant as to the killing of the husband was admitted only for the purpose of showing the general plan, motive, and intent of the defendant in killing the wife. Nothing to the contrary was held in any of the following cases: *Green* v. *State*, 172 *Ga.* 635, 640 (158 S. E. 285); *Suber* v. *State*, 176 *Ga.* 525 (168 S. E. 585); *McDuffie* v. *State*, 17 *Ga. App.* 342 (5) (86 S. E. 821).

3. A defense made by the accused was that he was induced to commit the alleged offense by an insane delusion that another person would take his own life unless he did so. The court instructed the jury fully on the law applicable to such defense, and further charged that before the defendant could be convicted his guilt should be made plainly and clearly to appear beyond any reasonable doubt, and to the exclusion of every other reasonable hypothesis. In these circumstances the refusal of a request to charge that it would be the duty of the jury to acquit the defendant if they had a reasonable doubt as to his sanity at the time of the alleged offense was not error. *Westmoreland* v. *State*, 45 *Ga.* 225.

4. The court did not err in giving in charge the provisions of section 41 of the Penal Code relating to duress. The defendant stated to the jury that he committed the homicides because of threats of another to take his own life unless he should do so, and that because of such threats he was "plumb wild and crazy." There was no other proof of insanity. It was in the province of the jury to believe all or none of the defendant's statement, or to believe a part and reject a part, *Phillips* v. *State*, 26 *Ga. App.* 263 (105 S. E. 823). In the particular case the jury could have found that the defendant was not insane and that his life had been actually threatened as stated, but that he was not in such immediate danger, or appearance of danger, as would excuse the homicide. Thus, in one view of the evidence and the defendant's statement the charge was applicable, and was not subject to exception as excluding or minimizing the defense of insanity.

5. The evidence authorized the verdict, and the court did not err in refusing a new trial.  *Judgment affirmed.  All the Justices concur.*

No. 10552. January 16, 1935.

*John Norris* and *Atkinson & Allen,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. Y. Atkinson, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.