MATHIS *v.* THE STATE.

No. 14585.   July 7, 1943.

*Leward Hightower* and *R. L. Addleton,* for plaintiff in error.

*T. Grady Head, attorney-general, F. E. Strickland, solicitor-general,* and *Maud Saunders,* contra.

DUCKWORTH, Justice. ■ The homicide did not result from the first encounter, nor is there a scintilla of evidence to show that at that time the defendant and the deceased mutually agreed to "fetch their weapons and fight." Hence the decision in *Gann* v. *State,* 30 *Ga.* 67, is inapplicable here. The encounter appears from the evidence, which is uncontradicted even by the defendant's own statement, to have arisen by the defendant's charge or belief that the deceased had taken a bottle of his "ace high." There is no evidence that this accusation or belief was justified, but it appears that this encounter terminated without agreement, plan, or intention by the parties to return and renew the same. The defendant's

statement makes no contention that he procured the shotgun and returned to the lunch-stand expecting or intending to see the deceased there and engage in further controversy with him. On the contrary, he stated that his sole object in returning to the lunch-stand was for the purpose of getting a pair of pants which he had left there. He offered no explanation why he carried his shotgun. But his counsel contends that the testimony of the State's witnesses, that they had trouble before the shooting took place, that they were both cursing, that both of them came back, that the wife of the deceased was trying to get him to go home, and that the deceased beat the defendant back to the lunch-stand and was waiting for him, or that it looked to the witness like he was waiting for him with his hands in his pockets, required an instruction on mutual combat. It is further contended that the deceased's statement to his wife that the defendant had a gun and could do nothing but shoot shows a mutual intent to fight. It is the law, as contended by the defendant's counsel, that there need not be mutual blows in order to constitute mutual combat; but when there exists the essential ingredient, to wit, an intention on the part of both parties to fight, mutual combat exists, although the first blow kills or disables one of the parties. *Ray* v. *State,* 15 *Ga.* 223; *Tate* v. *State,* 46 *Ga.* 148; *Findley* v. *State,* 125 *Ga.* 579 (54 S. E. 106); *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862); *Daniels* v. *State,* 157 *Ga.* 780 (122 S. E. 223). The essential ingredient, mutual intent, in order to constitute mutual combat, must be a willingness, a readiness, and an intention upon the part of both parties to fight. Reluctance, or fighting to repel an unprovoked attack, is self-defense and is authorized by the law, and should not be confused with mutual combat. An aggressor will not be allowed, under the law, to mitigate his crime on the theory of mutual combat when it appears that his victim had no desire to fight, and intended to fight only to the extent that a defense of his person against unprovoked attack was necessary. There is no evidence in this record, including the defendant's statement, that would authorize a charge of the law of mutual combat. The question raised by the motion for new trial is controlled adversely to the movant by the decisions in *Mims* v. *State,* 188 *Ga.* 702 (4 S. E. 2d, 831); *Roberts* v. *State,* 189 *Ga.* 36 (5 S. E. 2d, 340); *Cone* v. *State,* 193 *Ga.* 420 (18 S. E. 2d, 850). The testimony of Johnnie Ray as to what his nephew, a State's

witness, told him was admissible, if at all, for impeachment purposes alone. It was otherwise hearsay and without probative value. *Higgins* v. *Trentham,* 186 *Ga.* 264 (197 S. E. 862); *Richards* v. *State,* 55 *Ga. App.* 184 (189 S. E. 682); *Hodge* v. *American Mutual Liability Insurance Co.,* 57 *Ga. App.* 403 (195 S. E. 765); *Rushin* v. *State,* 63 *Ga. App.* 646 (11 S. E. 2d, 844).

The verdict was authorized by the evidence, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*