MOORE, *alias* SHINE, *v.* THE STATE.

No. 16487. FEBRUARY 15, 1949. REHEARING DENIED MARCH 16, 1949.

40

44

*David L. Mincey* and *R. Lanier Anderson Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Charles H. Garrett, Solicitor-General, William M. West, Assistant Solicitor-General, W. V. Rice* and *J. R. Parham, Assistant Attorneys-General,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) Since all the grounds of the amended motion for a new trial deal with the same subject-matter, the rules of law applicable to an illegal arrest and the right of the one sought to be arrested to resist the same, the duty of officers to give notice of their official capacity and that an arrest is intended, and that under these rules and the evidence in this case the defendant could not have been legally convicted of any greater crime than that of voluntary manslaughter, these grounds will be considered together.

While the requests to charge presented by counsel for the defendant embodied substantially correct statements of the rules of law therein dealt with, as shown by the authorities cited by counsel (Code, § 27-207; *Wall* v. *State,* 153 *Ga.* 309, 112 S. E. 142; *Porter* v. *State,* 124 *Ga.* 297, 52 S. E. 283; *Giddens* v. *State,* 154 *Ga.* 54, 113 S. E. 386; *McIntosh* v. *State,* 191 *Ga.* 736, 13 S. E. 2d, 770; *Mullis* v. *State,* 196 *Ga.* 569, 27 S. E. 2d, 91), a

failure to charge as requested is never error where the requested charge is not properly adjusted or applicable to the facts of the particular case, even though it embody a correct principle of law. *Lyon* v. *State*, 22 *Ga.* 399 (2); *Smith* v. *Satilla Pecan Orchard & Stock Co.*, 152 *Ga.* 538 (6) (110 S. E. 303); *Lester* v. *Baxter*, 184 *Ga.* 368 (3) (191 S. E. 429, 110 A. L. R. 493); *Lefkoff* v. *Sicro*, 189 *Ga.* 554 (6) (6 S. E. 2d, 687, 133 A. L. R. 738). In the instant case, the requests to charge were not applicable to the facts of the case, for the reasons that there was no illegal arrest involved and no effort on the part of the defendant to resist an illegal arrest, for the defendant could not resist that which did not take place. The very argument, presented to sustain the contention that an arrest by the officers under the circumstances disclosed by the evidence would have been illegal, refutes the idea that there was an arrest, for in the first ground of the amended motion for a new trial it is stated: "Movant contends that from the evidence it appears that the two arresting officers had never seen this defendant, and it therefore appears that no crime was being committed by him in their presence." A similar statement is contained in the second and third grounds of the amended motion, and it is borne out by the evidence. While it is inferable from the evidence that it was probably the intention of the deceased and his companion officer to arrest the defendant, if and when they found him, certainly they could not have been in the act of arresting or attempting to arrest a person whom they had never seen. A statement is also contained in the amended motion and in the brief of counsel; "There is no evidence to show that the defendant knew that a police car was coming up or that police or other officers were coming after him to catch him or arrest him. The defendant's statement on this point seems to be undisputed, and that is that he did not know that he was being approached by police officers or any officers who were seeking to arrest him." These statements are also borne out by the record, and the defendant could not have been resisting an arrest which was not even being attempted, and could not have been resisting something which, even had it occurred, he knew nothing about. The requests to charge were, therefore, not adjusted to the facts of the case as disclosed by the evidence and statement of the defendant, and

were properly refused. The trial court fully charged the jury on the law of murder, voluntary manslaughter (except as applied to the resistance of an illegal arrest), and justifiable homicide. No complaint is made of the charge as given; it clearly submitted the case to the jury, and was most favorable to the defendant. From the statement of the defendant it appears that, at the time he fired the fatal shot, he thought he was shooting one Roy (Bud) Stanley, with whom a short time previously he had a dispute about reimbursement for some whisky which the defendant claims he had purchased and he and Stanley had consumed on Stanley's promise to repay him. He does not contend that Stanley had at that time made any assault upon him, or even any threat—but merely ordered him out of his house; that this made the defendant mad, and he went and procured his brother's rifle and came back behind Stanley's house; that as he started to leave to go home, he saw someone pass between the house and a truck parked beside the house, and thinking that the person was Stanley, he fired the rifle twice and ran. The statement of the defendant was practically a plea of guilty to the crime of murder, for if he had shot the person whom he thought he was shooting he would not have been justifiable under the circumstances detailed by him and as shown by the other evidence, and there was nothing disclosed by the evidence or the defendant's statement that would reduce the crime to voluntary manslaughter. At most there had been only words between the defendant and Stanley. The Code, § 26-1007, specifically provides: "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." Thus, neither the evidence nor the statement of the defendant showed justification or mitigation if the person killed had been Stanley, the one at whom the defendant thought he was shooting. In *Hamilton* v. *State,* 129 *Ga.* 747 (2) (59 S. E. 803), it is held: "There being evidence from which the jury might have found that the accused shot at Owens, but killed Robinson, it was not error for the court to charge as follows: 'It would make no difference, gentlemen of the jury, whether the deceased was the man he really intended to kill or not, provided that you find that he did shoot at some member of that crowd with a felonious intent, and with-

out being justified or excused under the law,—he would be held accountable. In other words, if a man attempts to kill another without justification, without provocation and not under circumstances of mitigation, and in pursuance of that effort shoots, and, instead of hitting the man at whom he shoots, hits and kills another, he is guilty. The killing of the other is measured by the same standard as though he had killed the one originally intended.' *Charlon* v. *State,* 106 *Ga.* 400 (32 S. E. 347)."

The evidence amply authorized the verdict, and none of the grounds of the motion for a new trial show any error. The judgment overruling the motion for a new trial will not be disturbed. *Middlebrooks* v. *State,* 118 *Ga.* 772 (45 S. E. 607); *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973).

*Judgment affirmed. All the Justices concur.*