## 33528. TURNER *v.* THE STATE.

DECIDED SEPTEMBER 7, 1951.

*Raymond W. Martin,* for plaintiff in error.

*Wright Lipford, Solicitor-General,* contra.

MacINTYRE, P. J. The defendant, Annie B. Turner, was indicted for an assault with intent to murder the prosecutor, Charlie Doyle. She was tried and convicted of unlawfully shooting at another. Her motion for a new trial, based upon the usual general grounds and six special grounds, was overruled and she excepted.

1. The prosecutor, Charlie Doyle, and all of the other witnesses testified in effect that the defendant was in the public road with a shotgun and that the prosecutor was trying to get her to go home and put the gun away when she shot him without any cause or provocation whatsoever, inflicting a wound in his leg which caused him to have it amputated at the knee. William Bose, a witness for the defendant, testified that he was taking the defendant home at the time and several other persons were going along the road at the same time; that as they were going along the road, Charlie Doyle came up to where they were, and, in reply to the solicitor's question as to what Charlie

Doyle did after he came up to the defendant, Bose answered: "At the time he was trying to get her to go home. She told him that she was going home and not to come up on her. After she told him not to come up on her he made a step toward her and she shot him. I was standing up there in the road when the shot was fired . . Annie Bell [the defendant] didn't say anything to Charlie [the prosecutor] but tell him not to come up on her. They hadn't had no words. . . Charlie wasn't doing anything to her. . . No, sir, he wasn't bothering her when she shot him." In her statement to the jury the defendant said: "Then Charlie come up on me. He said, 'Go on home with that gun.' I turned and he come up on me with his hand in his pocket. He says, 'God damn it, why don't you fight somebody that can fight you. I don't believe the God damn gun will shoot.' I went on with Willie Bose and Charlie was coming up on me with his right hand in his pocket. Then he made a leap at me, I had my hand on the trigger and the gun went off. I was going back home with the gun."

The defendant contends that under this evidence and her statement to the jury it was reversible error for the court to fail to charge the law of voluntary manslaughter as related to mutual combat, or mutual intent to fight. There was no timely written request for such a charge and under this evidence, aside from the defendant's statement, the jury would not have been authorized to find that any such mutual intent existed, nor do we think that the evidence taken with the defendant's statement would have authorized even an inference that there was any such mutual intention to fight such as to require a charge on the subject. "An aggressor will not be allowed, under the law, to mitigate his crime on the theory of mutual combat when it appears that his victim had no desire to fight, and intended to fight only to the extent that a defense of his person against unprovoked attack was necessary." *Mathis* v. *State*, 196 *Ga.* 288, 291 (26 S. E. 2d, 606). The questions here raised by special grounds 1 and 3 of the motion for a new trial are adversely controlled to the defendant by the *Mathis* case, supra, and citations, and see *Carter* v. *State*, 171 *Ga.* 406 (2) (155 S. E. 670). There is no merit in special grounds 1 and 3.

2. In special ground 6, the defendant contends that she

should have a new trial because when her counsel asked a designated witness the following question: "I will ask you, if in your opinion Annie Bell [the defendant] had wanted to kill Charlie Doyle, could she have killed him?" the solicitor-general stated: "I object to that," whereupon the court sustained the objection. The error assigned in this ground is that the solicitor-general's objection was too general and insufficient. The answer to the question was properly ruled out whether or not the objection to the question was good or even bad. The question called for a conclusion on the part of the witness and would have constituted an invasion of the province of the jury. There is no merit in special ground 6.

3. In special ground 5 the defendant contends that in view of that part of the defendant's statement which is as follows: "I had my hand on the trigger and the gun went off," that her theory of defense was that the shot was by accident or misfortune and that it was reversible error for the court to fail to charge the provisions of Code § 26-404: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." This defense being raised solely by the defendant's statement to the jury it was not error to fail to charge this section of the Code in the absence of a timely written request. There is no merit in special ground 5.

4. In special grounds 2 and 4, it is contended that it was error to fail to charge Code § 26-1012 as it related to the fears of a reasonable man and to define reasonable fears. A woman who would have entertained any fears at all of serious bodily injury to her from the prosecutor under the facts developed *by the evidence* must have been entirely unreasonable, timid, or fearful. Hence as the evidence does not warrant a charge on reasonable fears it was not error, in the absence of a timely written request, to fail to charge upon such subject. *Oneal v. State,* 47 *Ga.* 230 (4); *Tolbirt v. State,* 124 *Ga.* 767 (4) (53 S. E. 327).

5. The evidence authorized the verdict, and there being no sufficient error assigned in any of the special grounds of the motion for a new trial, the court did not err in overruling the motion.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*