19661. DUPREE *v.* THE STATE.

Argued April 8, 1957—Decided May 16, 1957—Rehearing denied June 12, 1957.

H. Dale Thompson, for plaintiff in error.

W. W. Larsen, Harold E. Ward, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, contra.

ALMAND, Justice. On the indictment charging him with murder, Lem Dupree on his trial was found guilty of killing Annie Smith by shooting her with a shotgun, and was sentenced to death. His motion for a new trial was denied, and he seeks a review of that judgment.

The evidence in the record discloses that the defendant, on October 11, 1956, came to the home of Nettie Mae Walker and threatened to cut Smithy Locke, a sister of Walker, with a knife. The police were called and, while they were searching for the defendant, the defendant returned to the Walker house with a shotgun and fired a shot through the window, hitting Smithy Locke in her face and putting out an eye. He then shot Annie Smith in the back, wounding her. The defendant then went to another window, and, after saying "I'm going to kill all of you son-of-bitches," fired another shot, striking Annie Smith in the side of 'her body, these two wounds causing her death. Three other shots struck three children in the house, putting out the eyes of one of them.

The defendant, in his statement to the jury, said that he went to the home of Nettie Mae Walker to talk to her sister, Smithy Locke; that Nettie Mae Walker refused to let him into the house and threatened to shoot him and did shoot at him; that, feeling that she had "done me wrong," he borrowed a shotgun and returned to the Walker house; that Annie Smith was standing at the fireplace with something in her hand; that he did not know whether it was a knife or a gun; that, "when she wheeled, I

said 'Ain't no use to wait and let you come out the door on me'—I said 'I'm going to shoot you,' and I shoot."

R. G. Smith, a witness for the State, testified that, after the shooting, the only gun that he found in the house was a .22 calibre rifle, covered with dust and its barrel corroded, lying on the kitchen woodpile.

■ Special ground 4 assigns error on the failure of the court to give the defendant's requested charge on the law relating to mutual combat, in connection with the charge on voluntary manslaughter. The evidence in the instant case does not show a mutual intent to fight, which is an essential ingredient of mutual combat, and the court did not err in refusing to instruct the jury on this theory of voluntary manslaughter. *Mims* v. *State,* 188 *Ga.* 702 (4 S. E. 2d 831); *Roberts* v. *State,* 189 *Ga.* 36 (5 S. E. 2d 340); *Mathis* v. *State,* 196 *Ga.* 288, 291 (26 S. E. 2d 606).

■ In instructing the jury on the law of voluntary manslaughter, the court said: "Now it has been requested by counsel for the defendant in this case that I charge you on the law of manslaughter, and in this connection, I charge you as follows." The court then instructed the jury on the law relating to manslaughter. Special ground 6 complains that the remarks of the court as to the charge being given at the request of the defendant "weakened the charge, in that it would create the impression upon the minds of the jury he was charging the law as requested and contended by counsel for the defendant, and not as his own interpretation of the law."

Under the previous unanimous decisions of this court, this ground is without merit. *Hamilton* v. *State,* 129 *Ga.* 747 (1) (59 S. E. 803); *Dotson* v. *State,* 136 *Ga.* 243 (3) (71 S. E. 164). See also *Comer & Co.* v. *Allen,* 72 *Ga.* 1 (5), and *Yeates* v. *Yeates,* 162 *Ga.* 153 (3) (132 S. E. 768). While this practice is not to be commended, the fact that the court said that it was giving the particular charge of law at the request of the defendant does not demand the grant of a new trial.

■ Special grounds 13 and 15 assign error on the court's allowing in evidence testimony as to the shooting of other persons by the defendant, over the objection that the defendant was on trial only for the murder of Annie Smith, and that evidence of other shootings was irrelevant and prejudicial to the defendant.

The undisputed evidence shows that the shooting and wounding of the five persons was part of a continuing transaction in which Annie Smith was killed. These shootings were a part of the *res gestae,* and were further admissible to show the animus of the defendant. *Westberry* v. *State,* 175 *Ga.* 115 (3) (164 S. E. 905) ; *Tucker* v. *State,* 180 *Ga.* 87 (178 S. E. 152). There was no error in admitting evidence as to these other shootings.

■ Special ground 14 complains that the court unfairly aided and directed the prosecuting attorney by suggesting the manner in which a question might be propounded to a witness. This ground alleges that, while a witness for the State was being interrogated by the State's counsel, the following occurred: "Q. He wasn't shooting at her, he was shooting at your mother and one shot hit her in the nose, is that right? A. Yes, sir. By Mr. Thompson: Now if the court pleases, that calls for a conclusion, wasn't shooting at her but was shooting at her mother. By the Court: Well, you might ask her did it hit her mother." It does not appear that any objection was made by the defendant or his counsel at the time the court made the remark, nor was any motion made for a mistrial; and having failed to do so, the defendant cannot be heard to assign error for the first time in a motion for a new trial. *Callahan* v. *State,* 209 *Ga.* 211 (71 S. E. 2d 86) ; *Simmons* v. *State,* 181 *Ga.* 761 (184 S. E. 291).

■ The seven other special grounds, not being approved by the trial court, will not be considered.

A thorough review of the record reveals that the evidence fully supports the verdict, and the general grounds are without merit.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs specially.*

DUCKWORTH, Chief Justice, concurring specially. It seems that we have abundant demonstration that for this court to say an action of the trial judge is not commended and point out what we think is a better policy, at the same time refusing to reverse, will not cause the trial courts to conform to our views. The following cases are regrettable repetitions of the same evils and our repeated admonitions: *Comer & Co.* v. *Allen,* 72 *Ga.* 1 (5) ; *Hamilton* v. *State,* 129 *Ga.* 747 (59 S. E. 803) ; *Dotson* v. *State,* 136 *Ga.* 243 (3) (71 S. E. 164) ; *Yeates* v. *Yeates,* 162 *Ga.* 153

352

(3) (132 S. E. 768); and *Coleman* v. *State*, 208 *Ga.* 511 (67 S. E. 2d 578). In the case last cited, I clearly indicated my concern about these cases. Today we are repeating the same futile policy of advising or recommending but failing to order. No reasonable doubt can be entertained but that for the judge to say he is giving a charge because counsel requested it is definitely to discredit it and to intimate to the jury that the judge does not approve it. I think that such action violates the rights of the party requesting the charge, and should be prohibited by this court. I have urged my associates to join me in overruling all of the foregoing cases so ruling and then reverse the instant case, but they will not all so agree; therefore, I am, solely because of those decisions, compelled to concur.