22531.  THURMOND v. THE STATE.

Argued September 15, 1964—Decided September 29, 1964.

*Davis & Davidson*, for plaintiff in error.

*Alfred A. Quillian, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General*, contra.

MOBLEY, Justice. ■ The general grounds which were not argued orally or by brief of counsel for plaintiff in error are considered abandoned. *Reece v. State*, 210 Ga. 578 (4) (82 SE2d 10); *Bryan v. Barnett*, 205 Ga. 94 (6) (52 SE2d 613); *Code* § 6-1308.

■ The special grounds will be considered in the order in which they were argued in plaintiff in error's brief.

Special ground 7 complains of the admission over objection of certain testimony of Dr. George Parkerson. Dr. Parkerson testified that he examined the deceased's body during the early morning of January 6, 1964; that she had been dead several hours, and that her death was caused by bullet wounds in the left lung, the heart and right lung. Over objection of counsel he testified that after examining the bullet wounds, he "also opened her abdomen and found in the abdomen that her uterus was enlarged, that she was pregnant, and the fetus was, of course, dead and appeared to be approximately 6½ months along in development." The exception is to the admission of the testimony as to her pregnancy, the complaint being that the defendant was charged with the murder of the deceased and not of the unborn child and that evidence as to another crime than that for which defendant was on trial was inadmissible and highly prejudicial. The ground is without merit.

While the general rule in criminal cases is that "evidence of the commission of a crime other than the one charged is generally not admissible," it is subject to certain exceptions, "as when the extraneous crime forms part of the res gestae; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; . . . or where it tends to prove malice, intent, motive, or the like, if such an element enters into the

offense charged." *Cawthon v. State,* 119 Ga. 395, 396, 409 (46 SE 897) ; *Dorsey v. State,* 204 Ga. 345, 349 (49 SE2d 886). The evidence was admissible as a part of the res gestae. See *Dupree v. State,* 213 Ga. 348 (3) (99 SE2d 81), where this court held that "evidence that, at the time and place the defendant shot and killed the deceased, he also shot and wounded four other persons, was admissible as a part of the res gestae and to show the animus of the defendant." *Westberry v. State,* 175 Ga. 115 (3) (164 SE 905) ; *Tucker v. State,* 180 Ga. 87 (1) (178 SE 152). The evidence as to the deceased's pregnancy was also admissible to show animus, as there was evidence that he had been seen out with the deceased a number of times on Saturday nights, and his wife accused him, while he was beating her immediately after he had killed the deceased, of having killed her "to keep her from having your baby." His only response to her was to tell her to shut up. In his statement he claimed self-defense.

■ Special ground 8 complains of the court permitting an eight year old child to testify, on the ground that she did not understand the nature of an oath. See *Code* § 38-1607. The evidence was sufficient to support the finding of the court that the child did understand the nature of an oath and was competent to testify. There was no manifest abuse of discretion of the judge in permitting this child to testify. See *Reece v. State,* 155 Ga. 350 (1) (116 SE 631) ; *Style v. State,* 175 Ga. 95 (1) (165 SE 7).

■ Special grounds 1 and 2 complain that the court erred in charging as quoted in said grounds because "it charged upon the subject of credibility of witnesses but did not charge on the subject that was applicable and material to the facts of the case," which it is contended were the provisions of *Code* § 38-1806, as to credit to be given impeached witnesses. No contention is made that each charge complained of as given is not sound as an abstract principle of law. Both charges are sound pronouncements of law and are applicable in this case. "It is not a good assignment of error on a portion of the judge's charge, which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Albert*

*v. State*, 215 Ga. 564, 568 (4) (111 SE2d 215). Furthermore, it does not appear that either of the witnesses was impeached or knowingly and wilfully swore falsely as to any material matter in the case. The court charged correctly on credibility of witnesses, and it was not error to fail to charge further in the absence of request, as complained of in special ground 3. Special grounds 1, 2, and 3 are without merit.

■ Special grounds 4, 5, and 6 which complain of the failure of the court to charge the law of manslaughter are without merit. Under the evidence the defendant was either guilty of murder or he acted in self-defense and was not guilty. Manslaughter is not in the case. The State's evidence shows an unprovoked, uncalled for, and unjustified killing of this woman by shooting her with a pistol. The defendant's statement was that he thought the deceased had a pistol in her pocketbook, that she was attempting to open the pocketbook, and he shot her to keep her from shooting him. He didn't see any pistol, nor was there any evidence that she had a pistol, and no pistol was found in her pocketbook. A failure to charge the law of manslaughter was not error.

*Judgment affirmed. All the Justices concur.*