## In re Estate of MARIA S. FRY.

**Kansas City Court of Appeals, June 9, 1902.**

1. **Wills:** CONTEST: OBJECT: EXECUTOR'S INTEREST. In the contest of a will, its validity is technically in question, but the ultimate object is to determine the rights of the parties to the property; and the executor's only interest is in seeing formal proof of its due execution.

2. ———: ———: COST. In such contest the cost should be taxed as in other cases against the parties, and not be paid out of the estate.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves*, Judge.

AFFIRMED.

*Smith & Denton* for appellant.

(1)    The appellant as executor, as well as trustee for two of the legatees, looked after and took entire charge of the establishing of the paper writing as the last will of Maria S. Fry, deceased, after the contest had been instituted in the circuit court. It will be claimed by the appellee that the case In re Estate of Soulard, 141 Mo. 642, is decisive of the question involved in this case, but we maintain that the question involved in that case was different as shown by the statement of the court, loc. cit. 665. (2) The Supreme Court, in Cash v. Lusk, 142 Mo. loc. cit. 637, has held that once a contest of a will is commenced in the circuit court, the said court thus acquiring jurisdiction shall proceed as required by the statute to determine whether the paper writing in question is or is not the will of the decedent, and held further for that reason the party named as plaintiff in the said contest could not be required to give security for costs.

*W. O. Jackson* and *Francisco & Clark* for respondent.

(1) The expense, costs and attorney's fees incurred by an executor of the will, who is also a beneficiary under the will, in defending a suit contesting the validity of the will, he being a party to the suit, himself, in his own proper person, as well as executor, can not properly be charged against, and paid out of the asset of the estate but such expense should be borne by the parties who are interested in the suit and are real and necessary parties. In re Estate of Soulard, 141 Mo. 642; Woerner's American Law of Administration, sec. 517. (2) The amount of the assest of an estate are not affected whether there be a will or not and the result of the contest only affects those interested after the estate proper is settled and they, and not the estate, should bear the expenses of the contest. In re Estate of Soulard, 141 Mo. 642; Yerkes's Appeal, 99 Penn. St. 401; Mumfer's Appeal, 3 Watts & S. 441; Andrews v. His Administrator, 7 Ohio St. 151; Shaw v. Moderbull, 104 Ill. 65.

SMITH, P. J.—It appears that Maria S. Fry departed this life at the county of Bates, first having made her last will by which she devised and bequeathed to her children, therein named, certain property and money of which she died possessed. By said will the defendant, Albertus Fry, was named the executor thereof. It was duly admitted to probate by the probate court of the county in which the testatrix died.

Later on, Elmira F. Flickinger, a daughter of the testatrix and legatee under the will, instituted in the circuit court, a proceeding against the other legatees therein named, including the executor, under section 4622, Revised Statutes 1899, to contest the validity of the said will. This proceeding resulted in the establishment of the will. The costs and expenses thereof, of which the following are the items:

In re· Estate of Maria S. Fry.

| | | |
|---|---|---|
| Trip to Springfield, Depositions...... | $ 18 | 70 |
| Paid R. H. Mackey................ | 10 | 00 |
| Depositions ..................... | 8 | 50 |
| Judgment Flickinger vs. Fry........ | 135 | 50 |
| Attorneys' Fee to Smith & Denton.... | 150 | 00 |

were paid by the executor, and in his final settlement in the probate court he asked a credit therefor, and to the allowance of which Thomas J. Fry, one of the legatees, objected.

In the circuit court, where the controversy was removed by appeal, the objection to the allowance of such credits was sustained, and judgment given accordingly, and the executor appealed. The will of Mrs. Fry was finally probated, and the question now is, whether or not, after such probate, her estate can be made liable for the expenses incurred in the proceeding under the statute to contest the validity of such will.

The technical contest in such statutory proceeding is over the validity of the will, but the ultimate object— the real object—is to determine the rights of the parties to the property. The estate is neither increased nor diminished by the result, and the executor is only interested in seeing that the formal proof of the due execution of the will is made. As said by Judge MACFARLANE in, In re Est. of Soulard, 141 Mo. loc. cit. 670: ''I am unable to see any good reason why an executor should be required to assume the burden of litigation between the parties directly interested. The estate itself is not to be affected by the result and all parties interested in the property devised are parties to the suit.

''The contest being between the parties directly interested, they, and not the estate, should bear the expenses of the litigation. Any other rule might operate ruinously to estates, and is contrary to the manifest policy of our law. If the expense of the contestants is to be paid out of the estate, they would have nothing to lose and everything to gain by the contest. There would be no limit to the expense the parties might incur short of the value of the estate itself. The entire estate

could, therefore, be swallowed up in the litigation, and the contestants, if successful, would reap a barren victory. A premium to contest the will would thus be given to the parties who might be displeased with the disposition the testator had made of his property. But few unsatisfactory wills would escape a contest. Under the statutes and laws of this State, a successful party to a suit is generally only entitled to his taxable costs as expenses, and no reason can be seen for a different rule in these cases. . . .

"It is true, generally speaking, that in case the will is established by the contest, it could make no particular difference whether the expenses of the parties maintaining the will were paid directly by the parties who claim under it, or out of the estate which they will ultimately receive. But that is not always so, as is illustrated by this case."

The case from which we have just quoted is so analogous to this in its essential facts as to make what is said in that quotation of controlling influence in determining the issue in this. It is true, as defendant contends, that it was decided in Cash v. Lust, 142 Mo. loc. cit. 637, that one instituting a proceeding under the statute to contest a will can not be required to give security for costs, but notwithstanding this, we do not understand the rule declared in the Soulard case, in 141 Mo. already quoted, is overthrown by the ruling in Cash v. Lust. The opinion in each case was written by the same judge, and in the latter the former is referred to, and it may be inferred that if it had been intended by the latter to overthrow the ruling of the former in respect to the liability of estates for cost in such cases, it would have been so stated.

We appreciate the force of the reasoning of the defendant's counsel, but feel constrained to follow the ruling in the Soulard case, and so must approve the action of the trial court and affirm its judgment. All concur.