DYAR, executor, *v.* DYAR *et al.*

1. Under the facts set out in the first division of the opinion, the motion to dismiss the bill of exceptions on the ground that the questions are moot will be denied.
2. "The nominated executor and propounder of a will is a legal party on behalf of the legatees to conduct the litigation involved in a caveat to the will from the beginning to a final adjudication." Applying this ruling to the facts of this case, the court did not err in dismissing the motion to set aside the verdict.

No. 4639. JUNE 10, 1925.

Appeal; motion to set aside verdict. Before Judge Tarver. Bartow superior court. September 13, 1924.

*J. G. B. Erwin,* for plaintiff.

*John T. Norris, Maddox, Matthews & Owens, G. H. Aubrey, M. B. Eubanks, Neel & Neel,* and *Hamilton McWhorter Jr.,* for defendants.

HILL, J. Jonathan P. Dyar Sr. died in July, 1923, leaving a will. He also left a widow and seven children. The executor named in the will, Forrest L. Dyar, filed with the ordinary a petition to probate the will in solemn form. The ordinary issued the usual citation addressed to all the heirs at law of J. P. Dyar Sr., including the widow, Mrs. Margaret Frances Dyar. A copy of the petition to probate and of the citation was served upon Mrs. M. F. Dyar and the children, in person, by the sheriff of Bartow County, who made legal return of such service. At the hearing before the ordinary the four daughters of the testator filed a caveat to the probate. The widow did not join in the caveat. After hearing evidence on the issue made by the petition and the caveat, the ordinary refused to probate the will. An appeal was taken from the judgment of the court of ordinary to the superior court of Bartow County by Forrest L. Dyar, Clifford H. Dyar, and J. P. Dyar Jr. The case was tried before a jury, and a verdict was rendered on April 5, 1924, sustaining the caveat. On May 5, 1924, Mrs. M. F. Dyar filed her motion to set aside the verdict, on the ground, among others, that the case was submitted to the jury by the court's charge after dark on the night of April 4, 1924, and the jury retired for the consideration of the case; "that about 10 o'clock on the night of April 4, 1924, Hon. M. C. Tarver, judge of said court presiding, and who presided over said court until said time, made, or had made, an inquiry as to the probability

of the jury making a verdict, and finding that the jury had not agreed upon a verdict, the said judge left the court-house and boarded a train between 10 o'clock and midnight on April 4, 1924, and went to his home in Dalton, Whitfield County, and remained there the remainder of the night, and on the following morning of April 5, 1924, the said Hon. M. C. Tarver, judge as aforesaid, went to his office in the court-house at Dalton, in Whitfield, for the purpose of hearing motions and chambers business generally, and became so engaged immediately after the reception of the verdict herein in the forenoon of said April 5, 1924; that when said judge left Cartersville, he left the court and the jury and said case in the hands of the Hon. W. T. Townsend, judge of the city court of Cartersville, Bartow County, Georgia, who presided instead and in the place of said Judge Tarver, during the deliberations of the jury, after Judge Tarver left the court-house in Bartow County, and who received the verdict in the above-stated case and discharged the jury; that counsel representing the propounder and the caveators agreed for Judge Tarver to leave the court and go to his home in Whitfield County, and agreed that Judge Townsend should preside either as judge of the city court or as pro hac vice in the absence of Judge Tarver, and to receive the verdict and to discharge the jury; but that she (Mrs. M. F. Dyar) shows that she made no such agreement, and that no one was authorized to make such agreement for her, and no one purporting to act for her made such agreement for her, and that if such agreement made by counsel for the other parties was valid and binding on them, that it is not valid, binding, or effective as to her and that she has not ratified the same and does not do so," etc. The caveators filed a motion to dismiss the motion of Mrs. Dyar to set aside the verdict, upon the ground that she was not such a party to the proceedings as to be entitled to file and insist upon the motion. The court sustained the motion of the caveators and dismissed the motion to set aside the verdict; and to this judgment Mrs. Dyar excepted. After the case was brought to this court the plaintiff in error, Mrs. M. F. Dyar, died, and her death was suggested of record, and an order was taken making her administratrix, Alice M. Dyar, a party plaintiff in error.

1. On the call of the case for argument in this court a motion was made by the defendants in error to dismiss the bill of excep-

tions, on the following grounds: "1. That by reason of the death of Mrs. M. F. Dyar, who was plaintiff in error in said case, the entire proceeding is abated and the questions made in the case have become moot. 2. That under the terms of the will sought to be set up, any and all devises and legacies to said Mrs. M. F. Dyar were for her life only, and terminated with her death; that her motion to set aside the verdict in this case is based solely on her rights as a legatee under the alleged will of her said husband, Jonathan P. Dyar, and the said Mrs. M. F. Dyar being now dead, such rights have terminated." The purported will of Jonathan P. Dyar devises to his wife, Margaret F. Dyar, for and during her natural life or widowhood, the home place in the town of Adairsville, containing two acres more or less, and all of testator's household furniture; also an annuity of $300 per annum, to be paid to his widow in semi-annual installments of $150 each on the first day of January and July, for and during the natural life or widowhood of Mrs. M. F. Dyar; also all physician's bills, medical attention and medicines that Mrs. Dyar may require in any protracted illness, out of the testator's estate; also the testator directs that all taxes and insurance on the homestead are to be paid out of the testator's estate. All of which is made expressly in lieu of dower rights, twelve months support, or other interests in testator's estate. So it will be seen that, if the will should be probated, the widow would have certain interests in the estate from the date of testator's death until the death of the widow. Therefore it can not be said that on the death of the widow her interest in the estate or in the present suit has become moot. The motion to dismiss is therefore denied.

2. On April 25, 1924, the jury on appeal in the superior court rendered a verdict in favor of the caveators. On May 5, 1924, during the same term of court, Mrs. M. F. Dyar filed her motion to set aside the verdict, on the ground that before the jury had agreed upon a verdict and returned it into court the presiding judge, Hon. M. C. Tarver, had vacated the bench, and that the judge of the city court of Cartersville, Hon. W. T. Townsend, presided instead and in the place of Judge Tarver during the deliberations of the jury and received the verdict when it was finally rendered, instead of and in the place of Judge Tarver. On the other hand the record discloses that the caveators on the one side, and the

propounder of the will, the named executor, consented that Judge Tarver should retire from the bench after the case had been submitted to the jury, and that Judge Townsend should receive the verdict in his stead; and this was done. But the plaintiff in error contends that Mrs. Dyar was not a party to this agreement, and did not authorize any one else to enter into such agreement for her. We are of the opinion that under the facts of this case she was bound by the agreement made. The Civil Code (1910), § 3856, provides that "Probate by witnesses, or in solemn form, is where, after due notice to all the heirs at law, the will is proven by all the witnesses in existence and within the jurisdiction of the court, or by proof of their signatures and that of the testator, the witnesses being dead, and ordered to record; such probate is conclusive upon all the parties notified, and all the legatees under the will who are represented in the executor." The widow of the testator was a legatee under the will sought to be propounded. In *Lucas* v. *Lucas,* 30 *Ga.* 191 (76 Am. D. 642), this court held that "The nominated executor and propounder of a will is a legal party on behalf of the legatees to conduct the litigation involved in a caveat to the will, from the beginning to a final adjudication." The nominated executor of the will, which he was seeking to have probated, having agreed that the verdict might be received in the absence of the regular presiding judge, the legatees named in the will are bound by such agreement. And this being so, we are of the opinion that the court did not err in dismissing the motion to set aside the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting, and Gilbert, J., absent for providential cause.*