MARTIN et, Plaintiffs-Appellants, v. MANSFIELD SAVINGS & TRUST NATIONAL BANK et al., Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22508.   Decided July 7, 1952.

Sheldon Zoslov, H. K. Braun, Cleveland, for plaintiff-appellants.

Guarnieri & Secrest, Warren, for defendants-appellees.

## OPINION

By THOMPSON, J:

This case is an appeal to this court on questions of law from a judgment of the Common Pleas Court of Cuyahoga County dismissing the petition of plaintiffs in a will contest case as a result of a motion filed by certain of the defendants made parties by the petition.   The ground stated in the motion was that more than six months had elapsed since the

last will and testament was admitted to probate and that no one during that time had been made a party to the action in a fiduciary capacity as executor or administrator, and no praecipe had been filed for service of summons on, and no summons issued for, or served on, anyone in a fiduciary capacity. The common pleas court, after hearing, granted the motion of defendants and dismissed the petition at plaintiffs' cost, for which judgment was rendered. Plaintiffs are appellants in this court.

The case has been submitted to us on the transcript of the record and briefs. The sole question is whether the trial court properly dismissed the petition.

The record discloses that a petition to contest the will of one Roeliff B. Martin was filed in the common pleas court on November 16, 1951. Plaintiffs, four in number, alleged that Martin died on or about March 26, 1951 and that plaintiffs were his only heirs. Plaintiffs further alleged that on April 8, 1951, a certain paper writing purporting to be the last will and testament of Martin was admitted to probate by the Probate Court of Cuyahoga County, and that letters testamentary "were issued to the defendant, The Mansfield Savings Trust National Bank, as sole executor thereof, which thereupon qualified and is now acting as such executor." Plaintiffs further alleged that by the terms of said paper writing defendants, Schweitzer, Lingle and Boals were named as sole legatees and devisees of Martin and that the paper writing was not the last will and testament of the deceased.

The caption of the petition named The Mansfield Savings Trust National Bank as a defendant, together with the three other defendants referred to as legatees, but the bank was not described as a corporation, or as executor or trustee, being described merely as "The Mansfield Savings Trust National Bank." Summons was issued for the four defendants, the bank being described in the summons as "The Mansfield Savings Trust National Bank" and the sheriff's return stated that on November 20, the "writ was served on the within named Mansfield Savings Trust National Bank by personally handing to Henry G. Brunner, President of said bank, a true and certified copy of this writ with all the endorsements thereon."

On January 22, 1952, a motion to dismiss the petition was filed by two of the defendants named as legatees in the will, on the score that more than six months had elapsed since the last will and testament of Martin was admitted to probate and no one during said period had been made a party in a fiduciary capacity as executor or administrator and no precipe

had been filed for service of summons on, and no summons issued for or served on anyone in such fiduciary capacity. The trial court, after hearing, granted the motion to dismiss and on February 27, 1952, the petition was dismissed at plaintiffs' costs.

This court finds that the action by the trial court was properly taken in view of §12080 and §12087 GC, and upon authority of **Bynner v. Jones, 154 Oh St 184,** interpreting those sections.

Numerous courts in Ohio have had for decision similar situations and we believe the case of Bynner v. Jones, supra, now settles the question in Ohio. That case was certified to the Supreme Court of Ohio by the Court of Appeals for Franklin County, on the ground of conflict with a judgment of the Court of Appeals for Pickaway County in the case of **Bockert v. Bockert, 82 Oh Ap 274, 81 N. E. 2d. 549,** and with the judgment of the Court of Appeals for Lucas County in the case of **Morisse v. Billau, 70 Oh Ap 215, 45 N. E. 2d. 798.**

Sec. 12080 GC provides as follows:

"Necessary Parties: All the devisees, legatees and heirs of the testator, and other interested persons, including the executor or administrator must be made parties to the action."

It will be noted that under §12087 GC, an action to contest a will shall be brought within six months after it has been admitted to probate.

In the case of **Bynner v. Jones, 154 Oh St 184,** no one was made a party in the fiduciary capacity of executor and no precipe was filed or summons issued on anyone in that capacity within the statutory period. The defendant, Howard M. Jones, was named in the caption of the petition and was served in his individual capacity as devisee and legatee only. The body of the petition, however, contained a statement that Jones was appointed executor by the probate court, as the body of the petition in the instant case similarly relates that The Mansfield Savings Trust National Bank is executor of the Martin estate.

Our examination of Bynner v. Jones requires us to hold that the trial court properly dismissed the petition in the instant case. We cannot find that there is a sufficient differentiation between the two cases in the mere fact that the Mansfield Savings Trust National Bank was not a devisee or legatee as was Jones in the Supreme Court case, referred to. The bank in the body of the petition in the instant case was advised that it was executor of the Martin estate and Jones, if he read the petition in his case, was advised that he was executor as well as devisee. The important fact in

the case of Bynner v. Jones and emphasized by the Supreme Court is that the executor was not expressly made a party to the action and that §12080 GC requires the executor to be made party to the action within the six months specified in §12087 GC.

If this result seems harsh, it is to be pointed out that the right to contest a will is a statutory one and that, in order to comply therewith, one must conform strictly to the provisions of the statute. The statute conferring jurisdiction on the court in will contest cases limits the jurisdiction to a six month period. Furthermore, the six month limitation, instead of a longer one, was provided by the General Assembly in recognizing that estates of deceased persons should be promptly distributed for the benefit of heirs, creditors and all other persons interested.

We might add that in order to verify the facts in the case of Bynner v. Jones, supra, and to be certain of the application of that case to the present case, we examined the briefs in the Supreme Court of Ohio. We find that in that case, certified by the Court of Appeals of Franklin County to the Supreme Court of Ohio on the ground of conflict, the brief of defendants appellees declared:

"The first question of law is: Whether, when the plaintiffs in an action to contest a will, fail to name a necessary executor as a party defendant, in the caption of their petition, an allegation in the body of the petition alleging that an executor was appointed is sufficient to constitute such executor a party defendant in the action."

In no unmistakable terms, the Supreme Court answered the foregoing question in the negative.

A case note in 20 Cincinnati Law Review 305, (1951) by James A. Beinkemper, discusses the decision of Bynner v. Jones and points out, with appropriate authorities, that the designation of a party in a case in one capacity does not constitute a description of him in another capacity in which he may be engaged. A person acting in two different capacities is, for all intents and purposes, two separate and distinct persons.

For the reasons stated, the judgment of the trial court dismissing the petition is affirmed. Exceptions noted. Order see journal.

SKEEL, PJ, HURD, J, concur.