BESSIRE, APPELLANT, *v.* FISHER ET AL., EXRS., APPELLEES.

(No. 1040—Decided June 30, 1953.)

*Mr. L. E. Ludwig,* for appellant.
*Mr. James C. Blair,* for appellees.

YOUNGER, P. J.   This action was instituted in the Court of Common Pleas of Allen County for the pur-

pose of contesting the validity of the will of Mary Alice Woods.

The petition, filed on August 7, 1952, alleges that the will was admitted to probate on February 11, 1952, in the Probate Court of Allen County. Ralph G. Fisher and Laura F. Roeder, executors of the estate of Mary Alice Woods, deceased, are named as defendants in the caption and body of the petition, together with Laura F. Roeder, Ralph G. Fisher and others also named as defendants. On the same day, a precipe was filed for service on Laura F. Roeder, Ralph G. Fisher and others as individuals, and personal service was made on August 8 by the sheriff of Allen County. The remaining defendants were served properly in their respective counties or by publication, except that Ralph G. Fisher and Laura F. Roeder were not served as executors, they not having been named as such on the precipe.

On January 6, 1953, a precipe was filed for service on Laura F. Roeder, executrix of the estate of Mary Alice Woods, deceased, and Ralph G. Fisher, executor of the estate of Mary Alice Woods, deceased, on which a summons was issued the same day. Personal service was made on the executors on January 9, 1953.

Thereafter, a motion to dismiss the petition was filed by Laura F. Roeder and Ralph G. Fisher on the ground that plaintiff did not file a precipe until January 6, 1953, and did not cause summons to be served on the executors until January 9, 1953, and thereby failed to comply with the mandatory provisions of Sections 12080 and 12087, General Code, requiring proceedings to contest the validity of a will to be commenced within six months and requiring that the executors be made parties to the action.

On January 14, 1953, the same day the motion to dismiss was filed, an affidavit by L. Earl Ludwig and Katherine Ludwig, his wife, was filed, which set out

that L. Earl Ludwig was attorney for plaintiff and that Katherine was his secretary, and stated further:

"That Katherine Ludwig typed the original precipe filed herein and in so doing inadvertently omitted the names of said Ralph G. Fisher and Laura F. Roeder, executors of the estate of said Mary Alice Woods, deceased, although typing in their names individually as defendants upon which summons was to be served by the sheriff of Allen County, Ohio, and that because of said inadvertence said executors were not served within the six-month period following the probating of said decedent's will.

"That this affidavit is made and filed by said Earl L. Ludwig, attorney for plaintiff, in accordance with the decision of the court in the case of *Bynner* v. *Jones,* 154 Ohio St., 184, in which the court in its opinion says that 'no summons was served on him in that capacity; and no explanation is offered as to why these important steps were not taken.'

"That this is plaintiff's explanation as aforesaid, why service was not made on said executors herein within said six-months period."

The Common Pleas Court sustained defendants' motion to dismiss the petition, and it is that judgment from which this appeal is taken.

There is no bill of exceptions showing the proceedings of the trial court, and the appeal is submitted upon the record of the Common Pleas Court consisting of docket and journal entries, original pleadings, precipes, summonses and the returns thereon.

Plaintiff's first contention here is that the executors were made parties defendant in that they were named as such in the caption of the petition, and the petition alleges that "Letters testamentary were issued thereon to defendants, Ralph G. Fisher and Laura F. Roeder, executors of the estate of said Mary Alice Woods who thereupon qualified as such executors and are now

acting as such executors''; that, since Ralph G. Fisher and Laura F. Roeder were served with summons as individuals within the statutory six-month period, they had notice within such period that they had been sued as executors because they were named defendants in the petition, as executors as well as individuals; that the motion to dismiss admits they had such notice and knowledge in that such motion states "plaintiff failed to file a precipe for summons for the defendants, Laura F. Roeder, executrix of the estate of Mary Alice Woods, deceased, and for Ralph G. Fisher, executor of the estate of Mary Alice Woods, deceased, until the 6th day of January, 1953.''

We think the first contention of appellant is without merit in view of the many reported cases on the subject.

In one of the latest of such cases, this court, in *Woodruff* v. *Norvill,* 91 Ohio App., 251, 107 N. E. (2d), 911, had a very similar case before it. In that case, decided March 21, 1951, it is stated in the opinion written by Judge Guernsey:

"In this situation we are forced to the conclusion that neither the decision in the case of *Draher* v. *Walters, supra* [130 Ohio St., 92], nor the above quoted language in the opinion in the latter case mentioned constitutes a holding that the mere fact that the executor was named a party defendant in the petition, although not served with summons thereon within six months from the date of the probate of the contested will, would authorize the service of summons upon him in his fiduciary capacity after the expiration of said six-month period.

"It is also obvious that in such a situation the service of summons upon an individual in his individual capacity, such individual happening to be the executor of the estate, does not constitute service upon him in his fiduciary capacity, and does not in any manner af-

fect or bind the estate of which he happens to be the executor.''

In *Peters* v. *Moore,* 154 Ohio St., 177, 93 N. E. (2d), 683, where the person nominated in the will refused to serve and one of the heirs who was named as an alternate executor did qualify, and where the heir and executor was served as an individual and the person who was named and refused to serve was made a party and was served with summons as the executor, the Supreme Court held there had been no compliance with the statute even though the person occupying the position of heir and sole executor is made a party in his individual capacity as heir and not in his distinctive, official, fiduciary capacity as executor and another person sued as executor.

In the recent case of *Martin* v. *The Mansfield Saving & Trust National Bank,* 92 Ohio App., 465, 110 N. E. (2d), 814, the bank was acting as sole executor of the will involved and was made a party and served with summons merely in its individual or corporate capacity and not as executor. The Court of Appeals of the Eighth Appellate District held that a person acting in two different capacities is, for all intents and purposes, two separate entities, and affirmed the dismissal of the petition by the court below. The bank in that case certainly knew or had knowledge that it was being sued as executor and not individually, but such knowledge was held insufficient to excuse service in the fiduciary capacity.

The *naming* of a party as a defendant and referring to him in the petition as such is not the equivalent of *making* a party a defendant. A person is made a party defendant only when a summons is issued and served upon him.

Plaintiff's second contention is that the affidavit filed by his attorney and the attorney's wife and secretary is an explanation of the failure to issue sum-

mons on the executors within the six-month period and under the statement in the opinion of the Supreme Court in *Bynner* v. *Jones,* 154 Ohio St., 184, 93 N. E. (2d), 687, "and no explanation is offered as to why these important steps were not taken," such explanation must defeat the motion to dismiss the petition. .

In our opinion plaintiff's second contention is likewise without merit as we do not believe that by using the phrase referred to, the Supreme Court of Ohio intended to open the door to a judicial determination of an explanation. To place the construction for which plaintiff contends upon this phrase would, in our opinion, be judicial legislation. And the section of the statute requiring that an executor must be made a party to a will contest would read that the executor or administrator must be made a party "unless the failure to make such executor or administrator a party is satisfactorily explained." Whether the phrase as used is a casual remark, as argued by defendants, or a solemn pronouncement of the court, as plaintiff contends, we need not decide. Suffice it to say that, in our opinion, the phrase refers to a fact pertaining to the case the court had under consideration. That is, that from the record there was no explanation apparent as to why the executor had not been made a party defendant. In other reported cases such an explanation was apparent from the record. In one such case the executor was not made a party defendant because for some reason or other the clerk of courts did not issue the summons as requested. In another case, the person named in the will as executor did not qualify as such executor and the plaintiff by mistake made him a party and had service of summons made upon him. In those two cases there was an explanation from the record "as to why these important steps had not been taken."

If a sufficient explanation were all that is required to excuse the service of summons upon an executor,

these last two instances would appear to be amply sufficient.

We, therefore, hold that the Court of Common Pleas of Allen County was correct in sustaining the motion to dismiss filed by the defendants, and in dismissing the petition. The judgment is affirmed at costs of appellant.

*Judgment affirmed.*

GUERNSEY and MIDDLETON, JJ., concur.