## Carruthers v. Ginsburg

*Jonathan D. Herbst*, for plaintiff.
*Barton L. Post* and *F. Evan Black*, for Dr. Silas J. Ginsburg, defendant.

MOSS, *J.*, October 26, 1977—One of three defendants has filed a preliminary objection to the complaint, the objection being that the complaint states a cause of action against one defendant, whereas the praecipe for writ of summons whereby this action was instituted names three defendants.

Dr. Silas J. Ginsburg, who filed the preliminary objection, contends that, in effect, plaintiffs have attempted to discontinue the action as to less than all defendants without leave of court and in violation of Pa.R.C.P. 229(b).

The record discloses that the action was instituted by the filing of a praecipe for summons in trespass and assumpsit on June 20, 1977. The sheriff made service on Dr. Ginsburg, but made a return of "Not Found" as to the other two named defendants.

On August 23, 1977, plaintiffs filed their complaint which states expressly that it is against Dr. Ginsburg only and claims damages from him only,

arising out of an operation performed on February 18, 1974. The other two named defendants are not mentioned in the caption or in the body of the complaint.

Pa.R.C.P. 229(b) provides that "[a] discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties." "The term 'party to a proceeding,' or, as otherwise stated, 'party to a judicial proceeding,' in its ordinary legal meaning, embraces such persons as are parties in a legal sense, and who have been made or become such in some mode prescribed by law, so that they are bound by the proceedings." 67 C.J.S. §1, 888. The term "parties" is "ordinarily used to designate only those who are named as such in the record and are properly served with process or enter their appearance." 39 Am. Jur. 85, cited in Tex-O-Kan Flour Mills v. U.S., 49 F. Supp. 516, 523 (1943).

"The naming of a party as a defendant and referring to him in the (pleading) as such is not the equivalent of making a party a defendant. A person is made a party defendant only when a (proper pleading or writ) is issued and served upon him." Bessire v. Fisher, 96 Ohio App. 465, 122 N.E. 2d 491, 493 (1953). This doctrine has been announced in other jurisdictions. Thus, "A person does not become a party to an action by the mere naming of him in the title of the action. Voluntary appearance aside, a person becomes a party to an action only by the service of process upon him." Bennett v. Bird, 261 N.Y.S. 540, 542, 237 App. Div. 542 (1933).

Although Dr. Mortimer and The Farris Institute for Parenthood were named as defendants in the praecipe for writ of summons in trespass and assumpsit, they were not lawfully subjected to this

jurisdiction by service by the sheriff or otherwise, nor have they voluntarily subjected themselves to the jurisdiction of this court in this action. Therefore, although they appear to be defendants on the face of the praecipe and writ of summons, they are in no wise bound by the outcome of this case and hence they are not defendants in strict legal parlance. This fact distinguishes the instant case from Hauber v. Mathis, 26 Bucks 213 (1975), cited by plaintiffs' attorney.

Since plaintiff in the instant case did not effect service upon Dr. Mortimer or upon The Farris Institute for Parenthood, and since those *named* defendants were not necessary parties under the Pennsylvania Rules of Civil Procedure, we have concluded that plaintiff was at liberty to file a complaint against Dr. Ginsburg, the sole person subjected to the juridiction of this court.

### ORDER

And now, October 26, 1977, the preliminary objection to the complaint is overruled. Defendant is allowed 20 days from the date hereof within which to file his answer to the complaint.