**Herschel WATSON, Geneva Mitch, Ruby Kemp and Grace Leber, Appellants,**

**v.**

**Herbert WATSON, Executor of the Estate of George Henry Watson, Deceased, Respondent.**

No. 59948.

Supreme Court of Missouri,
En Banc.

Feb. 8, 1978.

Rehearing Denied March 13, 1978.

6. See footnote 1.

William Harrison Norton, Norton & Pollard, Inc., Kansas City, for appellants.

J. David Collins, Collins & Grimm, Macon, for respondent.

RENDLEN, Judge.

This case was transferred from the Kansas City District of the Court of Appeals

after opinion and it is decided here "the same as on original appeal." Mo.Const., Art. V, § 10. Portions of the appellate court opinion are adopted without quotation marks.

Herbert Watson, Executor of the Estate of George Henry Watson, deceased, was named as defendant in his representative capacity and also as an individual legatee in the *body* of a petition contesting decedent's will. However the *caption* of the petition and the *summons* referred to Herbert only in his capacity as executor and failed to name him as an individual. We must determine whether such shortcoming was fatal to petitioners' (appellants') action.

The trial court sustained respondent's motion (made in his representative capacity) to dismiss on December 23, 1973, because of petitioners' failure to comply with § 473.083–4, RSMo 1969, which provided: "In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within sixty days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the plaintiff of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of the petitioner." [1]

The petition was filed with the parties as named in the caption on this appeal and summons was directed to "Herbert Watson, Executor of the Estate of George Henry Watson, Deceased, Route # 2, Callao, Missouri." The sheriff's return recites that he made service "[b]y delivering on the 14 day of July, 1973, a copy of the summons and a copy of the petition to each of the within-named defendants Herbert Watson, Excucuter [sic] of the Estate of Geo. Henry Watson Dec'd." No other service was sought or obtained.

The "last will and testament" of George Henry Watson recites that he had five chil-

---

1. The petition filed July 11, 1973, was not affected by a subsequent amendment to the stat-

ute extending the time for service of process to 90 days following filing of such petition.

dren; Herschel Watson, Geneva Mitch, Herbert Watson, "Rubey Kent [sic]" and Grace Leber. Nothing was given to Geneva, Ruby (Kemp) or Grace because, as stated in the will, "I have helped them get a good education and they are married and have good homes and my estate is not large enough to make provision for them." Herschel Watson was given $800.00 as his full share of the estate. The residue was given to Herbert Watson as his sole and absolute property with this recital: "I make this provision for my son, Herbert Watson, for the reason he has been with me and has helped me make what small estate I have and if it had not been for his services I would not have been able to accumulate what I now have, and it is for this reason I make this bequest to my son, Herbert Watson." Herbert Watson was nominated executor and the will was subscribed by the testator April 14, 1951.

In paragraph three of the petition it was alleged "That on or about the 28th day of February, 1973, letters testamentary were issued by said Probate Court to the defendant Herbert Watson as executor of said pretended will." The petition further alleged that the paper writing was not the will of George Henry Watson; that he was not at the time of execution of sound mind nor did he have the mental capacity to make a will and "[t]hat the making and signing of said instrument was procured by the undue influence of the defendant Herbert Watson, the son of George Henry Watson, deceased." Further, that the real and personal property of the estate approximates $64,594.00, and "the plaintiffs and the defendant are all of the heirs of the said George Henry Watson, deceased; that the defendant Herbert Watson is the son of the said George Henry Watson; and that the plaintiffs are the daughters and son of the said George Henry Watson." Finally in the prayer, petitioners requested "that said pretended will be declared void and of no effect."

 It is well established that legatees are necessary parties in an action to set aside a will, *Cole v. Smith*, 370 S.W.2d 307, 309 (Mo.1963) and that a petitioner on filing a suit contesting the will must then "proceed diligently to secure and complete service of process as provided by law upon all parties defendant." Section 473.083, RSMo 1959. For reasons hereinafter discussed we hold that Herbert Watson as a legatee *was* duly served as an *individual*, though in the caption of the petition and in the summons he is referred to only in his capacity as executor.

Herbert Watson and appellants are described in the petition contesting the will as heirs of the deceased George Henry Watson and as legatees under his will. In those capacities they comprise all parties necessary to the suit. It is alleged that George Henry Watson lacked testamentary capacity and that execution of the will was procured by the undue influence of Herbert Watson. These allegations, if proved, would void the will and defeat Herbert Watson's residual bequest. They are directed toward him personally, not in his capacity as executor. A copy of the petition was delivered at the time of service of the summons upon him and though the summons refers to him only in his capacity as executor, he *personally* had knowledge that the petition's purport was to divest him of his individual interest in the estate under the will and the allegations concerned events occurring prior to Geroge Watson's death and necessarily before Herbert Watson became executor. For these reasons the words "Executor of the Estate of George Henry Watson, Deceased" in the caption of the petition may be treated as surplusage in relation to the service upon Herbert Watson individually and here he is deemed to have been sued in his individual capacity as a beneficiary under the will.[2]

Stated somewhat differently, the technical defect of the summons designating Herbert Watson in only his representative capacity (as does the sheriff's return), was effectively corrected by Herbert Watson's having been named individually in the petition as a beneficiary under the will, and as

2. The cases cited by respondent in which will contest proceedings were dismissed under

§ 473.083, *supra*, are distinguishable on their facts. In *Kane v. Mercantile Trust Co. Nation-*

one of the children of the testator and as the one who procured the will by undue influence. It is clear appellants intended to and did sue him as an individual. The fact that respondent's designation in the summons was incorrect (a mistake understandably repeated by the sheriff in his return) does not defeat the action because the petition accompanying and served with the summons explained and clarified the writ. Those instruments when read together gave notice to the person receiving them that he as an individual was the intended defendant and the improper designation or reference to his representative capacity did not deprive the court of jurisdiction as to defendant Herbert Watson individually.

To like effect this court in *State ex rel. Sullivan v. Cross*, 314 S.W.2d 889 (Mo.banc 1958), held that defects in the summonses and notices to the defendants in a wrongful death suit were effectively cured when considered in conjunction with the petition served therewith and that inaccuracies of the process did not deprive the court of jurisdiction. That case involved a wrongful death action arising from an automobile collision in which plaintiff's decedent Charles Reed, a Missouri resident, was killed as were Richard Sullivan and Lorenzo Plog, driver and owner respectively, of the other vehicle involved. The latter were residents of Nebraska. The widow of Charles Reed filed her petition in Missouri and in the caption properly stated the relations of the parties defendant, i. e. Theresa Plog, administratrix of the estate of Lorenzo Plog, deceased, and Edith Sullivan, administratrix of the estate of Richard Sullivan,

deceased. However, the petition failed to specifically allege the deaths of Sullivan and Plog, their respective residences or the appointments of their legal representatives. Plaintiff prayed for an order permitting service under the nonresident motorists statute but when referring to the defendants erroneously added "who were using the highways" of Missouri. Summonses were mistakenly issued to "Edith Sullivan, Administratrix" and "Theresa Plog, Administratrix" with no mention of the estates each was allegedly representing. The defective summonses with copies of the petition, were served on the Chief Clerk of the Secretary of State who in turn, as required by law (§ 506.240 and § 506.250), mailed copies thereof to each defendant with a notice advising of the institution of the suit, of the service and the date thereof. The statutory notice to Theresa Plog erroneously described her as "Administratrix of the Estate of Richard Sullivan, Deceased." Neither defendant denied having received the notice, the summons or service copy of the petition, and similarly Herbert Watson has not denied receiving the summons and petition in the case at bar. There, defendants appeared specially and moved to quash the service,[3] challenging the sufficiency of the process to confer jurisdiction as to necessary parties defendant. The court in *Cross*, at 891, characterized the petition as "inept," but stated, " . . . it is perfectly obvious that no one has been misled" and when discussing the defects of the summonses and the statutory notices stated: "Considering together the copies of the petition, the summonses, the notices, and the

---

*al Association*, 513 S.W.2d 362 (Mo.1974), there was a failure to name and serve a legatee pastor to whom a $500.00 bequest had been given for the saying of masses. In *Doran v. Wurth*, 475 S.W.2d 49 (Mo.1971), four legatees had not been named or served within 60 days, the parties agreeing that they were necessary parties to the suit. *Sanderson v. Richardson*, 432 S.W.2d 625 (Mo.App.1968), involved the failure to join and to complete service upon a specific legatee (library association) within 60 days. None of these cases involve a situation in which a party named as an executor in the caption and the body of the petition was also named as an individual legatee (residuary beneficiary) in the body of the petition. Generally

the body of the pleading, not the caption, determines the parties necessary to the prosecution of the action. See *Wolff v. Ward*, 16 S.W. 161, 169 (1891); *Cook v. Wheeler*, 218 S.W. 929 (Mo.App.1920); *Boyajian Bros. v. Reinheimer*, 229 S.W. 441 (Mo.App.1921), aff'd 250 S.W. 364 (Mo.1923); *Fair v. Thompson*, 240 Mo.App. 664, 212 S.W.2d 923 (1948); and *Barnett v. Schumacher*, 453 S.W.2d 934, 937[4–9] (Mo. 1970).

3. Plaintiff's counsel having been alerted by the motions to the referenced errors filed an amended petition specifically alleging the residences of Sullivan and Plog, their deaths, and the appointment of their respective administratrices. Copies of the amended petitions were

actual receipt of these by the proper parties, the inaccuracies were not such as to invalidate the summonses or the notice, or to deprive the court of jurisdiction." The summonses served upon the defendants named them as administratrices but failed to mention the estates they represented. Further, in the notice mailed by the Secretary of State, one of the administratrices was mistakenly referred to as representative of an estate with which she had no connection. Thus the argument which the defendant makes in the case at bar that he was served in the wrong capacity was essentially the same as that directed to the process in *Cross*. Nevertheless the allegedly defective summonses when read with the "inept" petitions in that case were sufficient to establish the jurisdiction of the court as to the necessary parties defendant and so it is here.

This court in *Peerless Supply Co. v. Industrial Plumbing and Heating Co.*, 460 S.W.2d 651 (Mo.1970) cited *State ex rel. Sullivan v. Cross* favorably and reiterated

the rule "that a summons served upon the right party by a wrong name is well served." [l.c. 665] By construing the petition in connection with and as explanatory of the summons, it may be said we give effect to a clearly defined intent which in no way has misled this defendant and by so doing we prevent the defeat of justice through a mere mistake. The court acquired jurisdiction and the technical defects in the caption and summons are correctable by appropriate amendment.

Further, though Herbert Watson, in his capacity as executor, is not a *necessary* party to this will contest proceeding,[4] it is apparent that the summons and petition were sufficient to serve him in his representative capacity as well as individually.

The judgment is reversed and the cause remanded for further proceedings with directions that amendment of the process be made to show service upon Herbert Watson individually.

All concur.

---

mailed to defendants' attorneys who had previously made special appearance. It should be noted, however, the question was decided solely on the efficacy of the original process, not the attempted amendments served by mail on defense counsel.

4. The executor nominated by the will was not a necessary party to a proceeding contesting the will under the facts here presented. No reported Missouri case has been found deciding the precise point but in *Freeman v. De Hart*, 303 S.W.2d 217 (Mo.App.1957), it was held under a somewhat unique factual situation that an executor of a will admitted to probate prior to that in contest was *not* a necessary party *plaintiff*. There John C. Kappel, nominated executor under the previously probated will, joined as plaintiff in the action contesting the subsequent will and a motion to dismiss was filed, urging that contestants were not proper parties under § 468.580, RSMo 1949 (now § 473.083, RSMo 1969). The court dismissed as to Kappel, but overruled the motion as to other contestants, (the Freemans) who, after an unfavorable verdict, appealed. The court at page 222 stated: "It appears that all persons named as devisees and legatees in the will in question were joined as defendants. Under such circumstances, assuming that Kappel [as executor] was a person interested in the estate, that he was not necessary, under the decisions, that he be joined as a party plaintiff." [Brackets add-

ed.] The cases there cited hold to the same effect.

Some authorities provide general statements that an executor named in a will is a necessary party defendant to a will contest proceeding. At 3 Page on Wills, § 26.67, p. 145, it is said, "The executor, under the practice now prevalent in most states, should be a party to the contest, and may defend the will. He is said to be a necessary party." The cases footnoted in Page have been examined and most require *by statute* that the executor be made a party. Among those cited is *Morisse v. Billau*, 70 Ohio App. 215, 45 N.E.2d 798 (1941), in which the caption of the petition did not name the executrix but she was so named in the petition with all the devisees, legatees and heirs at law. Appropriate to our holding herein, the court said at page 799[1, 2], "The petition, not the caption, determines the parties necessary to the prosecution of the action." In *Bessire v. Fisher*, 96 Ohio App. 465, 122 N.E.2d 491 (1953) and *Martin v. Mansfield Savings & Trust Nat. Bank*, 92 Ohio App. 465, 110 N.E.2d 814 (1952) it was held that service of summons upon an individual in that capacity does not constitute service upon him in his fiduciary capacity. Ohio by statute required that the executor be named a party to a will contest. Other cases cited by Page holding that an executor is a necessary party to a will contest, but without suggesting the rationale for such holdings, include *Dyar v. Dyar*, 160 Ga. 469, 128 S.E. 582 (1925); *Yeates v. Yeates*, 162 Ga. 153, 132 S.E.

768 (1926); *Furr v. Jordan*, 196 Ga. 862, 27 S.E.2d 861 (1943); *In re Lieurance's Estate*, 181 Or. 646, 182 P.2d 969, 978 (1947).

The Supreme Court of Kansas in *Marr v. Barnes*, 126 Kan. 84, 267 P. 9, 11[3] (1928), rejected the contention that an executor is a necessary party to a will contest and set forth its persuasive rationale for the rule. The court in *Marr* stated: "Cases can readily be conceived where the litigation could proceed to no purpose without the executor's participation, and doubtless that is the reason the rule is so broadly stated by some of the authorities that he is a necessary part to a suit to set aside a will. *Borland, supra*, [Borland on Wills and Administration] 209, 210; 40 Cyc. 1262; 28 R.C.L. 392. If the executor's duties were more than perfunctory, if a judgment affecting the validity of a will would materially interfere with his sworn duty or hinder him in the execution of some particular trust imposed on him by its terms, he would, of course, be a necessary party. Statute law would or might effect the question whether a conclusive contest over the validity of a will could be maintained without the executor being a party to the action. The decided cases in other jurisdictions are not all to one effect. * * *." [Brackets added.] See also *Johnson v. Donley*, 133 Kan. 73, 299 P. 270, 272[1, 2] (1931); and note *King v. King*, 242 S.W.2d 925, 929 (Tex.Civ.App.1951).

In this case the duties of Herbert Watson, as executor, are no more than perfunctory. He has no special power as to any asset of the estate and holds none in special trust for any purpose. The executor is merely to collect the assets and pay the debts, dispense one specific bequest to Herschel Watson of $800.00, and distribute the balance of the estate under the terms of the will to himself as residuary legatee. At 3 Maus, Probate Law and Practice, § 285, p. 253, referring to *In re Soulard's Estate*, 141 Mo. 642, 43 S.W. 617 (1897) and *In re Fry's Estate*, 96 Mo.App. 208, 70 S.W. 172 (1902), it is said, "The executor is customarily joined as a defendant and it is his duty to make formal proof of the will, in the absence of such proof by another person, but he is not to enter into the active contest of the will. If he does do so, he is acting as an individual and not as an executor and cannot deduct the costs of the contest from the assets of the estate." It is also stated in the same section of Maus, p. 252, citing *Eddie v. Parke's Ex'r*, 31 Mo. 513 (1862), that "As an action to contest or establish a will is an in rem action and the judgment therein affects the res, the will, all those interested in that res must be parties to the action." See *Gerhardt v. Miller*, 532 S.W.2d 852 (Mo.App. 1975).